UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC., a California Corporation,<br><br>             Plaintiffs,<br><br>     v.<br><br>CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, ATLANTIC MUTUAL INSURANCE, CO., INC., a New York corporation,<br><br>             Defendants,<br>_____/<br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT.<br>_____/ | NO. CIV. 08-02558 WBS GGH<br><br><u>MEMORANDUM AND ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE</u> |

----oo0oo----

Plaintiffs Dale M. Wallis ("Dr. Wallis"), James L. Wallis ("Mr. Wallis"), and Hygieia Biological Laboratories Inc. ("Hygieia") brought this action against defendants Centennial Insurance Company Inc. and Atlantic Mutual Insurance Co. Inc. alleging breach of insurance contract, breach of the implied

1

covenant of good faith and fair dealing, and breach of fiduciary duty relating to plaintiffs' veterinarian professional liability insurance policy. Defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on plaintiffs' claim for breach of fiduciary duty.[1] Defendants also move to strike plaintiffs' request for injunctive relief pursuant to Federal Rule of Civil Procedure 12(f).

I.  Factual and Procedural Background

Dr. Wallis is a research veterinarian. (Compl. ¶ 8.) Beginning in 1993, Dr. Wallis was involved in a lawsuit over the intellectual property rights to a bovine vaccine she had developed while working for Poultry Health Laboratories ("PHL"). (Id. ¶¶ 11-14.) Several related lawsuits ensued, one of which involved a complaint by Dr. Wallis against PHL and its shareholders alleging that she had created the vaccine and that PHL had defrauded her of her invention. (Id. ¶¶ 11-18.) In that action, PHL filed a cross-complaint against Dr. Wallis, Mr. Wallis, and Hygieia alleging unfair competition, interference with contractual relations and prospective economic advantage, misappropriation of trade secrets, and conversion. (Id. ¶ 19.)

Defendants in this case provided the defense to the PHL cross-complaint under a reservation of rights pursuant to their standard policy of veterinarian professional liability insurance ("Policy"). (Id. ¶¶ 8, 21.) Dr. Wallis was the named insured

---

[1] Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(c) after they filed their Answer. (See Docket Nos. 9-10.) Because a motion pursuant to Rule 12(b) "shall be made before pleading," the court will construe defendants' motion as a motion for judgment on the pleadings under Rule 12(c). See Fed. R. Civ. P. 12(c), (h)(2).

2

under the Policy, and the Policy also covered Mr. Wallis and Hygieia because of their relationship with Dr. Wallis.  (Id. ¶ 8.)

Due to defendants' reservation of rights, plaintiffs obtained counsel of their choice, and defendants proceeded to pay the legal fees and costs incurred by plaintiffs' counsel.  (Id. ¶¶ 21-22.)  However, defendants have allegedly begun "to impose unreasonable and illegal limitations upon the fees and costs that will be paid" and have "attempt[ed] to control the litigation by refusing to abide by the terms of the Policy."  (Id. ¶¶ 22-23.)

Plaintiffs filed their Complaint in this case on October 27, 2008, asserting diversity jurisdiction, 28 U.S.C. § 1332(a), and alleging breach of insurance contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty.  Presently before the court are defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on plaintiffs' claim for breach of fiduciary duty and defendants' motion to strike plaintiffs' request for injunctive relief pursuant to Federal Rule of Civil Procedure 12(f).

II.  Discussion

    A.  Motion for Judgment on the Pleadings

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990).  The standard applied to a motion for judgment on the

3

pleadings under Federal Rule of Civil Procedure 12(c) is "functionally identical" to the standard applied to motions under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. <u>Dworkin v. Hustler Magazine, Inc.</u>, 867 F.2d 1188, 1192 (9th Cir. 1989). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." <u>Hal Roach Studios</u>, 896 F.2d at 1550. Judgment on the pleadings may be granted as to fewer than all of the claims or as to part of a claim. <u>Fed. Election Comm'n v. Adams</u>, 558 F. Supp. 2d 982, 987 (C.D. Cal. 2008) (citing <u>Chi-Mil Corp. v. W.T. Grant Co.</u>, 70 F.R.D. 352, 358 (E.D. Wis. 1976)).

"Although an insurer may have special duties to an insured, it is well-established that these duties do not give rise to a fiduciary relationship." <u>Valley Air Conditioning & Repair, Inc. v. Beneficial Life Ins. Co.</u>, No. 07-01087, 2007 WL 2758018, at *2 (E.D. Cal. Sept. 19, 2007) (Ishii, J.) (citing <u>Vu v. Prudential Prop. & Cas. Ins. Co.</u>, 26 Cal. 4th 1142, 1151 (2001)). Therefore, "Ninth Circuit courts, construing California law," have held that an insurer-insured relationship "does not provide for an independent action for common law breach of fiduciary duty." <u>Negrete v. Fid. & Guar. Life Ins. Co.</u>, 444 F. Supp. 2d 998, 1003-04 (C.D. Cal. 2006) (citing <u>Solomon v. N. Am. Life & Cas. Ins. Co.</u>, 151 F.3d 1132, 1138 (9th Cir. 1998); <u>Almon v. State Farm Fire & Cas. Co.</u>, 724 F. Supp. 765 (S.D. Cal. 1989); <u>Kanne v. Conn. Gen. Life Ins. Co.</u>, 607 F. Supp. 899 (C.D. Cal. 1985)).

4

While some courts have loosely asserted that "a first party insurer owes a fiduciary duty to its insured," See Estate of Parker v. AIG Life Ins., 317 F. Supp. 2d 1167 (C.D. Cal. 2004), the overwhelming weight of authority indicates that such is not the law of California. See Hassard, Bonnington, Roger & Huber v. Home Ins. Co., 740 F. Supp. 789, 791 (S.D. Cal. 1990) ("Despite the seeming trend of cases in California to analogize the insurer-insured relationship to a fiduciary relationship, the cases which have directly addressed this point have held that this relationship does not produce a fiduciary duty."); see also Vu, 26 Cal. 4th at 1151; Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1148 (1990). Indeed, most courts have found that "the sounder approach is for courts to analyze an insurer's alleged breach of its 'fiduciary-like duties' as a claim for breach of the covenant of good faith and fair dealing." Butler v. Clarendon Am. Ins. Co., 494 F. Supp. 2d 1112, 1136 (N.D. Cal. 2007); see Alta Bates Summit Med. Ctr. v. United of Omaha Life Ins. Co., No. 07-04224, 2009 WL 57108, at *4 (N.D. Cal. Jan. 8, 2009) ("'[A]n insurer's alleged breach of its "fiduciary-like duties" is adequately redressed by a claim for breach of the covenant of good faith and fair dealing implied in the insurance contract.'" (quoting Tran v. Farmers Group, Inc., 104 Cal. App. 4th 1202, 1212 (2002))).

The few cases permitting insureds to bring claims for breach of fiduciary duty against insurers have involved "the formation of a fiduciary relationship based on other acts or representations" that create "more than just an insurer-insured relationship." In re Conseco Ins. Co. Annuity Mktg. & Sales

5

Practices Litig., No. 05-04726, 2007 WL 486367, at *7 (N.D. Cal. Feb. 12, 2007); see Negrete, 444 F. Supp. 2d at 1004 ("[P]laintiffs allegations are sufficient to state [a] claim for common law breach of fiduciary duty against defendant, in that the relationship alleged is not simply that of an insurer-insured, but rather one which may entail a fiduciary duty."). In this case, however, there is no allegation nor any suggestion of any source of fiduciary obligation other than the insurer-insured relationship. (See Compl. ¶ 43 ("By issuing the Policy to plaintiffs and accepting premiums therefore, defendants created a fiduciary relationship between themselves and plaintiffs, and said fiduciary relationship existed at all times relevant herein.").) Accordingly, the court must grant defendants' motion for judgment on the pleadings on plaintiffs' claim for breach of fiduciary duty.

        B.    Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, defendants contend that the court should strike plaintiffs' request for injunctive relief because the Complaint "fail[s] to allege any facts to support such extraordinary relief." (Mot. Dismiss 5.) Specifically, defendants argue that the Complaint merely alleges a "billing dispute" for which monetary damages provide adequate relief. (Id. at 1, 5.)

A careful review of the Complaint, however, reveals that plaintiffs have alleged more than a mere billing dispute that can be remedied by money damages; the Complaint alleges that

6

defendants have effectively used their financial position to "control the selection of counsel . . . and to control the [plaintiffs' litigation] strategy." (Compl. ¶ 26; see id. ¶¶ 34-35 ("[P]laintiffs will be seeking injunctive relief to require that . . . defendants stop imposing 'billing guidelines' . . . and that defendants be prohibited from attempting to control the defense strategies and litigation . . . .").) Under the liberal pleading requirements of Federal Rule of Civil Procedure 8(a), plaintiffs' allegations are sufficient to survive a motion to strike their request for injunctive relief at this early stage in the litigation.

While defendants correctly note that injunctive relief requires "the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law," Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 558 (9th Cir. 1990) (quoting LaDuke v. Nelson, 762 F.2d 1318, 1324 (9th Cir. 1985)), this determination is properly made "after a full adjudication of the parties' rights," McKenney v. Hernandez, No. 07-1735, 2008 WL 4159621, at *9 (S.D. Cal. Sept. 8, 2008) (quoting Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 13:11 (2008)); see id. ("The pre-discovery period is not the appropriate time to decide whether Plaintiff is entitled to a permanent injunction . . . ."); see also Orantes-Hernandez, 919 F.2d at 558 ("[T]he plaintiff seeking an injunction must prove the plaintiff's own case and adduce the requisite proof, by a preponderance of the evidence, of the conditions and circumstances upon which the plaintiff bases the right to and necessity for injunctive

1 relief.").

2       Further, defendants' insistence that the Complaint must allege "that plaintiffs are likely to prevail" on the merits confuses preliminary injunctions with permanent injunctions.  See Haw. County Green Party v. Evans, No. 03-0078, 2003 WL 25289318, at *2 (N.D. Cal. Jan. 24, 2003) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." (quoting Amoco Prod. Co. v. Village of Gambell, Alaska, 480 U.S. 531, 546 n.12 (1987))).  Although plaintiffs allege that "the conduct at issue must be addressed in an expedited manner at the outset" (Compl. ¶ 34), they have made no request for preliminary injunctive relief at this time, and they may do so only by separate motion pursuant to Federal Rule of Civil Procedure 65 and Eastern District Local Rule 65-231.

      Accordingly, the court must deny defendants' motion to strike plaintiffs' request for injunctive relief.

      IT IS THEREFORE ORDERED that defendants' motion for judgment on the pleadings on plaintiffs' claim for breach of fiduciary duty be, and the same hereby is, GRANTED; and

      IT IS FURTHER ORDERED that defendants' motion to strike plaintiffs' request for injunctive relief be, and the same hereby is, DENIED.

DATED:  February 3, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8