**1**  JOANNA R. MENDOZA, State Bar No. 148320
LAW OFFICES OF JOANNA R. MENDOZA, P.C.
**2**  P.O. Box 2593
Granite Bay, CA  95746
**3**  (916) 781-7600
(916) 781-7601 FAX
**4**  jmendoza@theiplawfirm.com

**5**  JOEL C. BAIOCCHI, State Bar No. 107095
LAW OFFICE OF JOEL C. BAIOCCHI
**6**  P.O. Box 67
Dutch Flat, CA 95714
**7**  (530) 389-9175
(530) 389-9176
**8**  jcblaw2@colfaxnet.com

**9**  Attorneys for Plaintiffs and Counterdefendants
Dale M. Wallis, James L. Wallis and
**10**  Hygieia Biological Laboratories

**11**

**12**                         UNITED STATES DISTRICT COURT

**13**                         EASTERN DISTRICT OF CALIFORNIA

**14**

**15**  DALE M. WALLIS, D.V.M., JAMES L.           )  CASE NO.  2:08-CV-02558 WBS GGH
WALLIS, and HYGIEIA BIOLOGICAL               )
**16**  LABORATORIES, INC., a California             )
Corporation,                                 )
**17**                                               )  ***EMERGENCY*** **EX PARTE REQUEST**
          Plaintiffs,                         )  **FOR ORDER TO SEAL**
**18**                                               )  **DOCUMENTS FILED BY**
v.                                           )  **DEFENDANTS IN SUPPORT OF**
**19**                                               )  **MOTION TO DISMISS; [~~PROPOSED~~**
CENTENNIAL INSURANCE COMPANY,                )  **ORDER]**
**20**  INC., a New York corporation, ATLANTIC       )  **[LOCAL RULE 39-141]**
MUTUAL INSURANCE, CO., INC., a               )
**21**  New York corporation,                        )
                                             )
**22**          Defendants.                         )
                                             )
**23**  _____ )

**24**

**25**      **I. INTRODUCTION AND RELIEF SOUGHT**

**26**          Pursuant to Local Rule 39-141, the plaintiffs, Dale M. Wallis, D.V.M., James L. Wallis

**27**  and Hygieia Biological Laboratories, Inc., hereby seek emergency ex parte relief from the Court,

**28**  asking that the Court issue an immediate order to seal documents No. 23, 24 and 25 in the docket

---
1
EMERGENCY EX PARTE REQUEST FOR ORDER TO SEAL DOCUMENTS

and filed electronically on March 5, 2009, in support of defendants' motion to dismiss and to compel arbitration. More particularly, the plaintiffs ask that the court order sealing of the following documents:

1. [Doc. #25] Declaration of Gary Selvin and attached Exhibits A-E;
2. [Doc. #24] Declaration of Merreles Schumann and attached Exhibits A-C;
3. [Doc. #23] Memorandum in Support of Defendants …Motion.

## II. THE HARMFUL MATERIAL CONTAINED IN THE DOCUMENTS

In order to expedite the processing of this request and avoid the need of having to file this request under seal and in person, the plaintiffs will not reiterate or explain the details of the offending material contained in these filings. Rather, the Court can review the defendants' papers themselves and see that the information contained therein involves sensitive communications between the plaintiffs (via their attorney of record in the underlying case) and the defendants (either directly or via their attorney of record) regarding matters of strategy and issues associated with the handling of the defense in the underlying cross-complaint currently being litigated in the case entitled *Wallis v. PHL Associates, Inc.* (more specifically identified in the complaint on file herein). Most of this information would be considered confidential business information under most circumstances, providing a competitive advantage to a competitor and, in this case, also an opposing party in the litigation which is the subject of the communications included in the filings.

The information contained in the declarations and their exhibits would serve to benefit and provide inside information to some of the strategies of the defense to the opposing party in the *Wallis v. PHL* case. The opposing party in the *Wallis v. PHL* has demonstrated a strong ability to take information which is ordinarily of no relevance to a lawsuit and use it to cause delay and raise issues designed to distract from the substance of the underlying trade secrets case. It is rare that an opposing party is handed the full extent of moneys paid to defend a case like that demonstrated in Exhibit A to the Schumann declaration, and such information can surely be used to provide the opposing party with an advantage in the case – especially settlement discussions should they ever occur again. Exhibit B to the Schumann declaration

even provides the work product and perspectives of the insureds' attorney with respect to the underlying case that could also be used to the advantage of the opposing party in the underlying case. Communications by Mr. Selvin in his declaration lay out in detail information regarding work being performed by plaintiffs' counsel in that case that the insurance company had issues with, itself an advantage to the opposing party if they can create such work for plaintiffs' counsel which they are aware will not be covered by the insurance company and thereby leaving a weakness in plaintiffs' defense in that case.

The creativity of the opposing party in the *Wallis v. PHL* has caused significant work and distractions, and the insurance company has allowed those efforts to interfere significantly with the relationship with its own insureds. Disclosing confidential communications and sensitive, confidential business information, without any concern for the consequences thereof, is just a further example of the break down in the relationship between the insurer and the plaintiffs/insureds. This recent conduct could thereby have a direct and detrimental impact upon the continued ability of the plaintiffs to defend themselves in that matter. The material is extremely harmful to the plaintiffs/insureds, and the filing of these materials by the insurer without any consideration whatsoever to the harm that could come by way of making such sensitive materials publicly available is just one more example of how the insurer in this case continues to act in bad faith and in direct contradiction to the best interests of the insureds in the handling of this matter. Furthermore, all of this material was completely unnecessary to the legal argument in support of forcing arbitration, which required none of the facts submitted with the declarations in order to make the argument presented. The sole purpose for including these materials was simply to generate a reaction and embarrass the plaintiffs and their counsel.

### III. EXPEDITED FFORTS MADE TO MEET AND CONFER

When the filing was first discovered by plaintiffs' counsel at 1:30 pm on March 6, 2009, the opposing attorneys were immediately contacted by telephone. A voice message was left pointing out the offending materials and the need to file them under seal. This was followed by a email communication immediately thereafter. The attorneys were asked to respond and confirm that they would take immediate action to correct this harmful disclosure and seek to have the

materials filed under seal. Opposing counsel was further advised that if they had not responded by 3:00 pm today indicating that such action would be undertaken, the plaintiffs would be forced to seek such relief themselves and would ask for all fees incurred for doing so. Even though the plaintiffs identified the documents to be sealed and explained that this disclosure was significantly harmful to the insureds, defense counsel refused to take action. Instead, defense counsel replied on the one hand that there was no reason to seal the documents plaintiffs were asking to be sealed and, on the other hand, asking again what documents the plaintiffs were requesting be sealed. In this regard, ***the Court is asked to issue an order to show cause, under Rule 11(c)(3), to defense counsel to show cause why this conduct, and in particular the failure and refusal to file these materials under seal for the protection of the insureds/plaintiffs, does not violate Rule 11(b)***.

### IV. SCOPE OF AND BASIS FOR THE REQUEST TO SEAL

While the plaintiffs are asking at this time for the entirety of the currently filed Memorandum in Support of defendants' motion [Doc. #23] be placed under seal, it is understood that the document may be redacted to remove all references to materials found within the declarations and exhibits thereto and re-filed by the defendants in a redacted form approved in advance by the plaintiffs. Therefore, the plaintiffs further request that the court either order the document sealed in total, or order the current document sealed and that the defendants file a redacted version of Doc. No. 23 to replace the current version and require that they seek approval by plaintiffs before submitting the redacted copy for filing.

This type of sensitive business information, which more closely resembles attorney/client privileged information or work product but is certainly "confidential" information between the insured and the insurer with respect to the defense of the underlying case, is ordinarily already the subject of a Protective Order re: Confidential Information entered into between the parties and made an order of the Court. In fact, if defendants had cooperated with the plaintiffs several weeks ago to finalize such a stipulated protective order, this filing would have been prevented on that basis. Plaintiffs counsel submitted to the defense a proposed stipulated protective order based upon the Northern District's standard form several weeks ago so that the parties could

exchange Rule 26(a) disclosure documents. However, the defense has yet to respond to that other than to say it has "minor" changes to make without yet submitting those changes.

The Rule 26(a) disclosure between the parties was due in early February, but the defense has yet to provide any disclosure to the plaintiffs (in spite of promises to have it submitted on more than one occasion since then). The plaintiff has submitted its Rule 26(a) disclosure, but has only been able to produce non-confidential documents while it waits for the defendants to provide the promised "minor" revisions to the Protective Order. It now appears that the defendants were deliberately delaying processing that Protective Order re: Confidential Documents since the plaintiffs would have clearly identified as "Confidential" those documents included with the declarations in Docket Nos. 24 and 25. Once the Protective Order is in place the defendants will hopefully be unable to pull this same type of stunt, which not only threatens the defense in the underlying case but is deliberately filed for the *sole* purpose of trying to embarrass the plaintiffs and their attorneys – there is no other valid reason for including these documents with the filing that was made.

**V. CONCLUSION**

This emergency ex parte request is sought to avoid significant and irreparable harm that could be caused by the public disclosure of the documents filed by the defendants, assuming it is not too late. The request asks the Court to act promptly to ensure plaintiffs' defense in the underlying case is not harmed by the actions of the insurers. The sealing should remain until final judgment or settlement is reached in the underlying case of *Wallis v. PHL*, and no sooner.

The undersigned declares under penalty of perjury under the laws of the United States that the facts stated herein are true and correct, and that this statement was executed on the date stated below in Granite Bay, California.

DATED: February 6, 2009  LAW OFFICES OF JOANNA R. MENDOZA, P.C.

   /s/ Joanna R. Mendoza
Joanna R. Mendoza
Attorneys for Plaintiffs Dale M. Wallis,
James L. Wallis, and Hygieia Biological
Laboratories

# ORDER

IT IS HEREBY ORDERED that the following documents, electronically filed by the defendants on March 5, 2009, be placed under seal by the Clerk in accordance with the established procedures:

    Docket No. 23: Memorandum in Support of Motion to Compel;

    Docket No. 24: Declaration of Merreles Schuman and Exhibits thereto;

    Docket No. 25: Declaration of Gary Selvin and Exhibits thereto.

DATED: March 23, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE