UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC., a California Corporation,

    Plaintiffs,

  v.

CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, ATLANTIC MUTUAL INSURANCE, CO., INC., a New York corporation,

    Defendants,
_____/

AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT.
_____/

NO. CIV. 08-02558 WBS GGH

MEMORANDUM AND ORDER RE: MOTION TO COMPEL ARBITRATION

----oo0oo----

    Plaintiffs Dale M. Wallis ("Dr. Wallis"), James L. Wallis ("Mr. Wallis"), and Hygieia Biological Laboratories Inc. ("Hygieia") brought this action against defendants Centennial Insurance Company Inc. and Atlantic Mutual Insurance Co. Inc. alleging breach of insurance contract, breach of the implied

1

covenant of good faith and fair dealing, and breach of fiduciary duty relating to plaintiffs' veterinarian professional liability insurance policy ("Policy"). Defendants now move to compel binding arbitration pursuant to California Civil Code section 2860(c).

I. Factual and Procedural Background

Dr. Wallis is a research veterinarian. (Compl. ¶ 8.) Beginning in 1993, Dr. Wallis was involved in a lawsuit over the intellectual property rights to a bovine vaccine she had developed while working for Poultry Health Laboratories ("PHL"). (Id. ¶¶ 11-14.) Several related lawsuits ensued, one of which involved a complaint by Dr. Wallis against PHL and its shareholders alleging that she had created the vaccine and that PHL had defrauded her of her invention. (Id. ¶¶ 11-18.) In that action, PHL filed a cross-complaint against Dr. Wallis, Mr. Wallis, and Hygieia alleging unfair competition, interference with contractual relations and prospective economic advantage, misappropriation of trade secrets, and conversion. (Id. ¶ 19.) Pursuant to the Policy, defendants in this case provided the defense of the PHL cross-complaint under a reservation of rights. (Id. ¶¶ 8, 21.)

Because defendants provided the defense under a reservation of rights, plaintiffs retained independent counsel of their own choosing and defendants proceeded to pay the legal fees and costs incurred. (Id. ¶¶ 21-22.) However, defendants have allegedly begun "to impose unreasonable and illegal limitations upon the fees and costs that will be paid" and have "attempt[ed] to control the litigation by refusing to abide by the terms of

2

the Policy." (Id. ¶¶ 22-23.)

Plaintiffs filed their Complaint in this case on October 27, 2008, asserting diversity jurisdiction, 28 U.S.C. § 1332(a), and alleging breach of insurance contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. Defendants subsequently filed a third-party complaint against plaintiffs' counsel, Joanna R. Mendoza. (Docket No. 9). Defendants also moved for judgment on the pleadings on plaintiffs' claim for breach of fiduciary duty and moved to strike plaintiffs' request for injunctive relief, which this court granted and denied, respectively, in an Order dated February 3, 2009. (Docket Nos. 10, 17.)

Presently before the court is defendants' motion to compel binding arbitration pursuant to California Civil Code section 2860(c).

II. Discussion

In California, when an insurer provides a defense under a reservation of rights, California Civil Code section 2860 imposes on the insurer a duty to provide its insured with independent counsel of the insured's choice, commonly referred to as Cumis counsel. See Cal. Civ. Code § 2860(a); San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc., 162 Cal. App. 3d 358 (1984). In addition to requiring that the insurer cover the reasonable fees of independent counsel, section 2860 also requires that disputes regarding those fees be resolved by arbitration. See Cal. Civ. Code § 2860(c).

Although one California court has broadly stated that "[f]ederal actions involving Cumis fee issues . . . are not

3

subject to section[] 2860's arbitration procedure," Compulink
Mgmt. Ctr., Inc. v. St. Paul Fire & Marine Ins. Co., 169 Cal.
App. 4th 289, 298 (2008), this assertion does not precisely
describe the state of the law.  This passage from Compulink was
intended to summarize the holding of Caiafa Professional Law
Corp. v. State Farm Fire and Casualty Co., 15 Cal. App. 4th 800
(1993), but Caiafa simply held that a California trial court did
not abuse its discretion by staying an arbitration of Cumis
counsel fees in favor of a federal fraud trial involving similar
issues between the parties, 15 Cal. App. 4th at 803.  As the
Caiafa court explained,

> The California Legislature did not say, and could not
> say, Cumis fee issues must be decided through mandatory
> arbitration and we forbid Federal judges or juries from
> deciding these issues. . . .  What the California
> Legislature did say, and all it said, was that when a
> Cumis fee issue is to be decided in the California courts
> it is to be decided through the mandatory arbitration
> procedure set forth in section 2860.

Id. at 804.  Therefore, while a literal reading of Compulink may
suggest that section 2860(c) somehow eschews the doctrine of Erie
Railroad Co. v. Tompkins, 304 U.S. 64 (1938), a closer
examination reveals a far less dramatic proposition.

     Accordingly, there is little doubt that this court,
sitting in diversity, must apply section 2860(c) to the case at
bar.  See, e.g., Tucker v. First Md. Sav. & Loan, Inc., 942 F.2d
1401, 1406 (9th Cir. 1991) (providing that a federal district
court sitting in diversity "sit[s] in the same posture as the . .
. state court and there should be no different result in the
federal proceedings than would have been achieved in the state
court proceeding"); see also Karsant Family Ltd. P'ship v.

Allstate Ins. Co., No. 08-1490, 2009 WL 188036, at *6 (N.D. Cal. Jan. 27, 2009) (granting defendant's motion to compel arbitration pursuant to California Civil Code section 2860(c)).

Relying principally on Fireman's Fund Insurance Cos. v. Younesi, 48 Cal. App. 4th 451 (1996), plaintiffs oppose defendants' motion to compel arbitration because this case "involves claims to be adjudicated beyond a mere dispute over fees." (Opp'n 5:17-18.) Specifically, plaintiffs contend that defendants are attempting to "control [the] litigation by conduct designed to prevent [plaintiffs] from having the independent counsel of their choice" because defendants "happen to disagree with the defense strategy." (Id. at 2:18-19, 1:15-18; see Compl. ¶¶ 26, 34-35.)

In Younesi, an insurer filed a state court action against Cumis counsel alleging claims of fraud, malpractice, and conversion. 48 Cal. App. 4th at 455. The appellate court denied Cumis counsel's motion to compel arbitration because, while acknowledging that attorney's fees were a "central issue" in the suit, concluded that the action was "not merely a dispute about billing rates" since it included allegations of malpractice and fraud. Id. at 458. The Younesi court continued, "the language of Civil Code section 2860 can only be interpreted to limit the scope of arbitrable disputes to those which only the amount of legal fees or the hourly billing rates are at issue." Id. at 459 (emphasis added).

Recently, the Second District Court of Appeal in Compulink expressly "decline[d] to follow the decision in Younesi to the extent it holds that section 2860's arbitration provision

5

only applies when the sole issue in dispute is the amount or rate of Cumis counsel's fees." 169 Cal. App. 4th at 300. The Compulink court observed that Younesi principally relied on the Caiafa decision; as mentioned previously, Caiafa held that a California trial court did not abuse its discretion by staying an arbitration of Cumis counsel fees in favor of a federal action involving similar issues, 15 Cal. App. 4th at 803. In so holding, the Caiafa court stated that "[i]t [was] entirely proper [for the trial court] to conclude [that] the full-scale Federal fraud trial [was] a better forum for deciding the full range of issues bearing on this subject matter than would a section 2860 hearing before a single arbitrator." Id. at 806.

After reviewing Caiafa and its conflicting interpretations in Younesi and Compulink, this court agrees with the analysis in Compulink.[1] Caiafa merely found it reasonable to conclude that the "full range of issues" presented in a fraud case should be adjudicated in federal court rather than a section 2860(c) hearing; contrary to Younesi's interpretation, Caiafa did not make an "exception" to section 2860(c) for "Cumis fee disputes that were [also] intertwined with other non-arbitrable issues." Compulink, 169 Cal. App. 4th at 79.

---

[1] The only other decision to consider the competing analyses of Younesi and Compulink arrived at this same conclusion. See 88 King Street, LLC v. The Travelers Cos., Inc., No. 08-224, 2009 WL 330236, at *3 n.2 (N.D. Tex. Feb. 10, 2009) ("The Court recognizes Compulink as persuasive authority and agrees with its observation that . . . Younesi incorrectly held that section 2860's arbitration provision only applies when the sole issue in dispute is the amount or rate of independent counsel's fees."). The Compulink decision, moreover, was handed down by the same division of the Second District Court of Appeal that decided Caiafa.

6

Compulink's interpretation, moreover, comports with the text of section 2860(c). That provision states that "[a]ny dispute concerning attorney's fees not resolved by [alternative dispute resolution procedures set forth in the policy] shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute." Cal. Civ. Code 2860(c). As the Compulink court observed, the statute "does not contain an exception for fee disputes in cases where other claims or issues also are alleged," and "[i]t accordingly does not exempt from arbitration Cumis fee disputes that are coupled with additional . . . claims." 169 Cal. App. 4th at 296-97.

Plaintiffs also contend that "[a]rbitration is improper" because "the complaint plainly alleges that the defendants have refused to pay attorneys' fees and costs" and therefore "must be treated like the Gray Cary case." (Opp'n 6-7.) In Gray Cary Ware & Freidenrich v. Vigilant Insurance Co., the court held that section 2860(c) does not require arbitration of disputes over "defense expenses" as opposed to disputes over "attorney's fees" because defense expenses are not specified in the statute. 114 Cal. App. 4th 1185, 1193-94 (2004). As that court explained, "It appears the Legislature focused on the rates to be paid Cumis counsel and a method for resolving disputes over these rates, with the legislative history devoid of any indication showing the Legislature considered disputes regarding Cumis expenses." Id. at 1193. Nonetheless, as noted in Compulink, "Gray Cary never suggested that attorney's fees issues fall outside the scope of section 2860's arbitration provision whenever other non-arbitrable issues also are alleged." 169 Cal.

7

App. 4th at 300.  In other words, even if disputes over Cumis counsel expenses are not subject to section 2860(c), their presence in a lawsuit does not therefore immunize related fee disputes from mandatory arbitration.

It is undisputed that third-party defendant Mendoza's Cumis counsel fees are a central issue in this case.  (See, e.g., Compl. ¶ 27 (requesting a declaration "as to which party's interpretation of the Policy is correct and the extent to which the defendants must pay the fees and costs incurred to date").) Furthermore, as Compulink instructs, "[n]otwithstanding the inclusion of other non-arbitrable issues in [the] complaint, any contested issues concerning the amount of attorney's fees allegedly owed by [an insurer] for [the insured's] independent counsel are subject to mandatory arbitration under section 2860, subdivision (c)."  169 Cal. App. 4th at 300.  Accordingly, the court will grant defendants' motion to compel arbitration with respect to the amount of attorney's fees allegedly owed to Cumis counsel.

The court will retain jurisdiction, however, over issues not squarely involving the calculation of Cumis counsel fees.  See Compulink, 169 Cal. App. 4th at 302 (ordering on remand that "[a]ll other issues [not concerning Cumis counsel's fees] be adjudicated in the trial court"); see also 88 King Street, LLC v. The Travelers Cos., Inc., No. 308-224, 2009 WL 330236, at *4 (N.D. Tex. Feb. 10, 2009) ("The dispute concerning the fees owed to independent counsel must be submitted to arbitration . . . , while all other claims in this action must be adjudicated by this Court.").  Although defendants insist that

this case is "nothing more" than a "billing dispute" (Mot. Compel Arb. 4:22-23), plaintiffs are equally insistent that their allegations are "much more far-reaching" (Opp'n 2:7; see Compl. ¶¶ 26, 34-35). At this early stage in the litigation, the court has little authority to look beyond the pleadings in order to definitively limit the contours of plaintiffs' claims. The court expresses no opinion, moreover, as to whether or not the arbitration proceeding should be stayed pending resolution of the issues in this case.

    IT IS THEREFORE ORDERED that defendants' motion to compel binding arbitration be, and the same hereby is, GRANTED with respect to the amount of attorney's fees owed to Cumis counsel; and DENIED in all other respects.

DATED: April 15, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE