UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DALE M. WALLIS, D.V.M., JAMES
L. WALLIS, and HYGIEIA
BIOLOGICAL LABORATORIES, INC.,
a California Corporation,

NO. CIV. 08-02558 WBS GGH

       Plaintiffs,

   v.

MEMORANDUM AND ORDER RE:
MOTION TO DISMISS

CENTENNIAL INSURANCE COMPANY,
INC., a New York corporation,
ATLANTIC MUTUAL INSURANCE,
CO., INC., a New York
corporation,

       Defendants,
_____/

AND RELATED COUNTERCLAIMS AND
THIRD-PARTY COMPLAINT.
_____/

----oo0oo----

Plaintiffs Dale M. Wallis ("Dr. Wallis"), James L.
Wallis ("Mr. Wallis"), and Hygieia Biological Laboratories Inc.
("Hygieia") brought this action against defendants Centennial
Insurance Company Inc. ("Centennial") and Atlantic Mutual
Insurance Co. Inc. ("Atlantic Mutual") to resolve disputes

1

involving a professional liability insurance policy ("Policy")
issued by defendants.  Plaintiffs and third party defendant
Joanna R. Mendoza (collectively "moving parties") now move to
dismiss Centennial's Third Party Complaint ("TPC") pursuant to
Federal Rule of Civil Procedure 12(b)(6).

I.    Factual and Procedural Background

        Beginning in 1993, Dr. Wallis, a research veterinarian,
was involved in a lawsuit over the intellectual property rights
to a bovine vaccine she had developed while working for Poultry
Health Laboratories ("PHL").  (Compl. ¶¶ 8, 11-14.)[1]  Several
related lawsuits ensued, one of which involved a complaint by Dr.
Wallis against PHL and its shareholders alleging that she had
created the vaccine and that PHL had defrauded her of her
invention.  (Id. ¶¶ 11-18.)  In that action, PHL filed a cross-
complaint ("PHL cross-action") against Dr. Wallis, Mr. Wallis,
and Hygieia alleging unfair competition, interference with
contractual relations and prospective economic advantage,
misappropriation of trade secrets, and conversion.  (Id. ¶ 19.)

        Pursuant to the Policy, defendants in this case
provided the defense of the PHL cross-action under a reservation
of rights, including the right to seek reimbursement for the
expenditure of any funds in the defense of a claim not covered by

---

[1]     The TPC incorporates by reference allegations from the
Complaint for the purposes of restating the allegations against
Centennial.  (TPC (Docket No. 9) 7:19-21.)  The court includes
such allegations in this memorandum as background information
only.

the Policy.[2]  (See id. ¶¶ 8, 21; TPC 7:27-8:1.)  Because

defendants provided the defense under a reservation of rights,

plaintiffs retained Ms. Mendoza as independent counsel--known as

Cumis counsel--and defendants proceeded to pay the legal fees and

costs incurred.[3]  (Compl. ¶¶ 21-22.)

Subject to a protective order in the PHL cross-action,

the parties had to file certain documents with the state trial

court under seal.  (TPC 8:9-13.)  In January 2006, PHL filed

under seal a declaration and attachments in which some of the

pages were marked confidential pursuant to the protective order

but many were not.  (Id. at 8:17-23.)  Though the declaration was

delivered to the trial court using a sealed envelope, it was

apparently placed in its entirety in the public court file.  (Id.

at 24-26.)  Ms. Mendoza--plaintiffs' attorney in both the PHL

cross-action and this case--allegedly informed her clients of the

public availability of the declaration, which contained

information about the trade secrets at issue in that litigation,

and Dr. Wallis and Mr. Wallis subsequently sent several non-

parties to view the public file and/or copy the contents of the

declaration.  (Id. at 9:1-15.)

After the trial court eventually ordered the

declaration sealed and marked confidential under the protective

---

[2]     Defendants dispute that Atlantic Mutual ever provided
insurance to plaintiffs.  (TPC 1:15-19.)

[3]     In California, when an insurer provides a defense under
a reservation of rights, California Civil Code section 2860
imposes on the insurer a duty to provide its insured with
independent counsel of the insured's choice, commonly referred to
as Cumis counsel.  See Cal. Civ. Code § 2860(a); San Diego Navy
Fed. Credit Union v. Cumis Ins. Soc'y, Inc., 162 Cal. App. 3d 358
(1984).

order, PHL moved for sanctions pursuant to California Code of Civil Procedure section 128.5 against Dr. Wallis, Mr. Wallis, and Mendoza.  (Id. at 9:20-10:4.)  The trial court found that Dr. Wallis, Mr. Wallis, and Ms. Mendoza had violated the protective order in bad faith and imposed a $43,534.50 sanction jointly and severally against them.  (Id. at 10:6-8.)  The state court of appeal upheld the award of sanctions.  (Id.)

Plaintiffs thereafter filed their Complaint in this case on October 27, 2008, asserting diversity jurisdiction, 28 U.S.C. § 1332(a), and alleging breach of insurance contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty.  Centennial then filed counterclaims against plaintiffs for declaratory relief regarding the reasonableness of Cumis counsel's fees and the duty to indemnify or defend plaintiffs for breach of the protective order.  (Id. at 10:22-12:7.)

Centennial also filed the TPC alleging a single claim against Ms. Mendoza for declaratory relief and reimbursement of any and all sums paid for the purpose of defending Ms. Mendoza against the motion for sanctions.  (Id. at 12:11-24.)  As pled, the TPC seeks a determination only as to whether Centennial's duties under the Policy include the payment of defense costs for Ms. Mendoza; it does not contain allegations concerning whether defendants had a duty to defend the insured against the sanctions motion, and thus the court will not address that issue for the

1  purposes of the instant motion.[4]

2  II.  <u>Discussion</u>

3      On a motion to dismiss, the court must accept the

4  allegations in a complaint as true and draw all reasonable

5  inferences in favor of the complainant.  <u>Scheuer v. Rhodes</u>, 416

6  U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v.</u>

7  <u>Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322

8  (1972).  To survive a motion to dismiss, a complainant needs to

9  plead "only enough facts to state a claim to relief that is

10  plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.

11  544, 570 (2007).  Dismissal is appropriate, however, where the

12  complainant fails to state a claim supportable by a cognizable

13  legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696,

14  699 (9th Cir. 1990); <u>see also</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47

15  (1957) (complaint must "give the defendant fair notice of what

16  the plaintiff's claim is and the grounds upon which it rests"),

17  <u>abrogated on other grounds by</u> <u>Twombly</u>, 550 U.S. at 563.

18      The moving parties contend that the TPC against Ms.

19  Mendoza must be dismissed because public policy considerations

20  regarding the attorney-client relationship prohibit claims by an

21  insurer against <u>Cumis</u> counsel concerning representation of the

22  insured.  (<u>See</u> Mem. Supp. Mot. Dismiss 9:4-7; Reply 3:22-4:17.)

23  In support of this contention, they cite case law creating an

24  exception to the general rule of implied equitable indemnity

25  among joint tortfeasors for claims against an adverse party's

26  _____

27      [4]    None of the parties argue that the TPC must be
   arbitrated pursuant to the court's April 16, 2009 Order granting
   in part and denying in part defendants' motion to compel
28  arbitration.

5

attorney because even the threat of such claims could impinge on the attorney's duty of loyalty to the client.  <u>See, e.g.</u>, <u>Cal. State Auto. Ass'n v. Bales</u>, 221 Cal. App. 3d 227, 230-31 (1990) (holding that an insurance company may not seek equitable indemnity from the third party claimant's attorney); <u>Gibson, Dunn & Crutcher v. Superior Court of Los Angeles County</u>, 94 Cal. App. 3d 347, 352 (1979) (providing that a client's former attorney may not seek equitable indemnity from the client's current attorney). <u>See generally</u> <u>Schick v. Lerner</u>, 193 Cal. App. 3d 1321, 1329 (1987) ("[P]ublic policy dictates that attorneys must remain free to counsel their clients without fear of subjecting themselves to liability as a result of the proper discharge of their professional obligations.").

These authorities, however, do not support the broad proposition that an insurer may never bring a claim against <u>Cumis</u> counsel.  The TPC as pled in this case does not seek to hold <u>Cumis</u> counsel personally liable for damages or equitable indemnity to Centennial.  Nor does it allege that <u>Cumis</u> counsel breached a duty of care owed to Centennial.[5]  Rather, it seeks a judicial determination that Centennial was not obligated under the <u>Cumis</u> counsel arrangement to pay for the costs of defending a party other than the insured--namely, Mendoza herself--against a

---

[5]     Because the TPC does not allege a claim for negligence or malpractice based on a duty owed by Mendoza to Centennial, the moving parties' argument that an attorney generally owes no duty of care to non-clients is inapposite. (Mem. Supp. Mot. Dismiss 2:20-21.)

successful motion for sanctions.[6]

The Supreme Court of California has recognized that an insurer that has provided a defense under a reservation of rights "has a right of reimbursement that is implied in law as quasi-contractual" for defense costs with respect to claims that are not even potentially covered by the applicable policy. <u>Buss v. Superior Court of Los Angeles County</u>, 16 Cal. 4th 35, 50-51 (1997); <u>see</u> <u>Scottsdale Ins. Co. v. MV Transp.</u>, 36 Cal. 4th 643, 659, 663 (2005) (holding that an insurer could seek determination of rights under the policy and reimbursement after it had "prophylactically financed the defense of claims as to which it owed no duty of defense"). Such claims are typically asserted by an insurer against an insured. <u>E.g.</u>, <u>Walbrook Ins. Co. V. Goshgarian</u>, 726 F. Supp. 777 (C.D. Cal. 1989); <u>Scottsdale Ins. Co.</u>, 36 Cal. 4th at 643. <u>But cf.</u> <u>Fireman's Fund Ins. Cos. v.</u>

_____

[6] The moving parties also argue at length that, based on the particular circumstances of this case, the TPC violates public policy because it seeks a judgment against Mendoza based on conduct taken in the best interests of her client. (Mem. Supp. Mot. Dismiss 5:16-6:2; Reply 4:18-7:18.) These contentions, however, rely extensively on facts not contained in the TPC, including facts described in Mendoza's declaration filed in the state trial court in opposition to the sanctions motion. (<u>See, e.g.</u>, Reply 5:2-6:10.)

The court denies the moving parties' request, filed with their reply brief, to take judicial notice of the facts contained in the declaration and other documents filed with the state trial court for purposes of the instant motion to dismiss. <u>See</u> <u>Turnacliff v. Westly</u>, 546 F.3d 1113, 1120 n.5 (9th Cir. 2008) (declining to take judicial notice pursuant to Federal Rule of Evidence 201(b) of a declaration filed in a different action because it described facts not "generally known" and not from a source "whose accuracy cannot be reasonably questioned"); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) (holding that the district court erred in taking judicial notice of the transcript of an extradition hearing and considering disputed facts contained therein in deciding a motion to dismiss). The court thus will not consider these facts in deciding the instant motion.

1  Younesi, 48 Cal. App. 4th 451 (1996) (action by insurer against

2  Cumis counsel alleging that attorney had fraudulently billed

3  insurer).  Nevertheless, the moving parties have not identified

4  case law precluding the assertion of such claims directly against

5  a party other than the insured when, as alleged here, the insurer

6  has paid defense costs for that party.[7]  Cf. Buss, 16 Cal. 4th at

7  51 (explaining the an insurer's right to reimbursement is based

8  on the law of restitution and "such a right runs against the

9  person who benefits from 'unjust enrichment' and in favor of the

10 person who suffers loss thereby.").

11         Accordingly, in the absence of authority barring

12 Centennial's TPC as a matter of law, the court must deny the

13 motion to dismiss.

14         IT IS THEREFORE ORDERED that moving parties' motion to

15 dismiss the Third Party Complaint be, and the same hereby is,

16 DENIED.

17 DATED:  May 12, 2009

18

19                                    _____
                                      WILLIAM B. SHUBB
20                                    UNITED STATES DISTRICT JUDGE

21

22

23

24

_____

25    [7]    The moving parties contend that the costs to defend
   Mendoza cannot actually be separated from the costs to defend
26 plaintiffs against the motion for sanctions filed against all of
   them.  (Reply 2:14-28.)  That is something to be determined
27 later.  Such "factual challenges to a [ third party] complaint
   have no bearing on the legal sufficiency of the allegations under
28 Rule 12(b)(6)."  Lee, 250 F.3d at 688.

8