UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC., a California Corporation,

Plaintiffs,

v.

CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, ATLANTIC MUTUAL INSURANCE, CO., INC., a New York corporation,

Defendants,

/

AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT.

/

NO. CIV. 08-02558 WBS GGH

ORDER TO SHOW CAUSE

----oo0oo----

The court has an obligation to recuse itself from any case in which the judge might have a "financial interest," however small. 28 U.S.C. § 455(b)(4). To assist the court in carrying out this obligation, and because corporate parties are in the best position to identify their parent and subsidiary corporations, Federal Rule of Civil Procedure 7.1 and this court require all non-governmental corporate entities to submit

corporate disclosure statements. Without this information, the court risks retaining a case in which it unknowingly has a financial interest. Not only would the undersigned judge face public criticism in such a circumstance, but the public's confidence in an impartial judiciary would be eroded. Failure to assist the court in protecting these and other interests advanced by § 455(b)(4)--particularly in light of a direct request from the court--amounts to sanctionable conduct. See Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005) (explaining that "[p]arties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions"); Fed. R. Civ. P. 16(f); see also F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1136 (9th Cir. 2001) (providing that federal courts' inherent powers "to manage their cases and courtrooms effectively and to ensure obedience to their orders" includes the authority to impose sanctions).

In its Order Setting Status (Pretrial Scheduling) Conference issued in this case on October 28, 2008, the court unequivocally instructed any non-governmental corporate party to include its corporate disclosures in the parties' Joint Status Report:

> In order to assist the court in meeting its recusal responsibilities, any non-governmental corporate party to this action shall submit a statement identifying all its parent and subsidiary corporations and listing any publicly held company that owns 10% or more [of] the party's stock. Such statement shall be included in the parties' Joint Status Report. If any non-governmental corporate party has no parent or subsidiary corporations or no public[ly] held companies owning 10% or more of its stock, it shall so state in the Joint Stat[u]s Report. **Failure to comply with the foregoing requirements of this**

> **paragraph will result in the Joint Status Report being stricken and such other sanctions as may be appropriate.** Thereafter, if there is any change in the information, the party shall file and serve a supplemental statement within a reasonable time after such change occurs.

(Oct. 28, 2008 Order ¶ 6.)

Non-governmental corporate entities appear on both sides of this litigation, but none of the parties included corporate disclosures in the two Status Reports filed in preparation for the status conference initially scheduled for February 9, 2009. (Docket Nos. 14-15.) That status conference was continued at the parties' request, and the parties again failed to include their corporate disclosures in the parties' updated status reports filed on June 16, 2009. (Docket Nos. 48-49.) Ultimately, the parties did not submit the corporate disclosures ordered by the October 28, 2008 Order until after receiving a direct request from the clerk of this court following the status conference held on June 29, 2009. (Docket No. 52.)

IT IS THEREFORE ORDERED that, within ten days from the date of this Order, all corporate parties in this case shall either send to the Clerk of the Court, as sanctions, their checks in the amount of $150.00 each, or shall show cause in writing why sanctions in such amount should not be imposed for failure to comply with this court's October 28, 2008 Order.

DATED: July 2, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE