1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC., a California Corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, ATLANTIC MUTUAL INSURANCE, CO., INC., a New York corporation,<br><br>        Defendants,<br>_____/<br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT.<br>_____/ | NO. CIV. 08-02558 WBS GGH<br><br><u>ORDER RE: SANCTIONS</u> |

----oo0oo----

        In their response to this court's Order to Show Cause of July 7, 2009, counsel for defendants submitted a letter requesting that the court waive the sanctions and explaining that they "inadvertently failed to include a corporate disclosure" with defendants' Status Report.  (Docket No. 55.)  Counsel attempt to justify their noncompliance by explaining that

1

defendants' Status Report was prepared with reference to plaintiffs' earlier-filed Status Report, which omitted the corporate disclosures.  Counsel further explain that they were "remiss in not confirming that [they] had complied with all portions of the Court's Order Setting Status, and inadvertently failed to include a corporate disclosure as part of [the] Status Report."  In filing a supplemental report after the status conference was continued, counsel used the initial Status Report as a template and consequently "repeat[ed] the inadvertent mistake."

This attempt to excuse noncompliance with the court's Order as simple inadvertence or negligence does not show good cause why the court should not impose sanctions.  First, under the circumstances, counsel's noncompliance with the court's October 28 Order exceeded mere negligence.  Rather than heeding the court's warning regarding sanctions and verifying that defendants' Status Report complied with the court's explicit directions, counsel for defendants simply mimicked the presentation of information in plaintiffs' deficient Status Report.  Counsel then <u>again</u> failed to confirm that they had complied with the October 28 Order when they filed defendants' updated Status Report some months later.

Second, even if the failure to file defendants' corporate disclosures resulted from mere negligence, such characterization does not preclude the imposition of sanctions. A district court has the authority under Federal Rule of Civil Procedure 16(f) to impose sanctions for even unintentional or negligent noncompliance with the court's pretrial orders.  <u>See,</u>

e.g., Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001) (upholding Rule 16 sanctions imposed on a party for unintentionally failing to attend a scheduled mediation due to an incapacitating headache); Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (upholding a district court's sanctions under Rule 16(f) where counsel failed to appear for a settlement conference because the date "slipped by him"); Mt. Shasta Title & Escrow Co. v. Pennbrook Homes, No. 07-963, 2007 WL 4210478, at *2 (E.D. Cal. Nov. 28, 2007) (Burrell, J.) (sanctioning counsel $200 for mistakenly filing an inaccurate status report indicating that a party had been served); see also William W. Schwarzer et al., Practice Guide: Federal Civil Procedure Before Trial 15:81 (Nat'l ed. 2009) ("It need not be shown that the party to be sanctioned was acting recklessly or in bad faith. Negligent failure to comply with Rule 16 justifies imposition of appropriate sanctions.").

Accordingly, defendants have failed to show good cause why the court should not impose sanctions for the failure to file corporate disclosures as required by the court's October 28 Order. Further, because counsel for defendants have explained that counsel's failure to verify the terms of the October 28 Order--rather than any omission the part of their corporate clients--was the cause of defendants' noncompliance, payment shall be borne by counsel rather than their clients.

IT IS THEREFORE ORDERED that, within seven days of the date of this Order, counsel for defendants shall send payment in

///

///

the amount of $300, as sanctions, to the Clerk of the Court or request that the matter be scheduled for a formal hearing.

DATED:   July 16, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE