1  JOANNA R. MENDOZA, State Bar No. 148320
   LAW OFFICES OF JOANNA R. MENDOZA, P.C.
2  P.O. Box 2593
   Granite Bay, CA 95746
3  (916) 781-7600
   (916) 781-7601 FAX
4  jmendoza@theiplawfirm.com

5  JOEL C. BAIOCCHI, State Bar No. 107095
   LAW OFFICE OF JOEL C. BAIOCCHI
6  P.O. Box 67
   Dutch Flat, CA 95714
7  (530) 389-9175
   (530) 389-9176
8  jcblaw2@colfaxnet.com

9  Attorneys for Plaintiffs and Counterdefendants
   Dale M. Wallis, James L. Wallis and
10 Hygieia Biological Laboratories

11

12                       UNITED STATES DISTRICT COURT

13                       EASTERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL 16  LABORATORIES, INC., a California Corporation, 17        Plaintiffs, 18 19  v. 20  CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, ATLANTIC 21  MUTUAL INSURANCE, CO., INC., a New York corporation, 22        Defendants. 23  AND RELATED COUNTER-CLAIM | CASE NO. 2:08-CV-02558 WBS GGH  **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR STAY PENDING FINAL SETTLEMENT DOCUMENTATION AND SCBA FEE ARBITRATION; DEMAND FOR BOND**  Date: December 7, 2009 Time: 2:00 pm Courtroom: 5, 14th Floor Judge: Hon. William B. Shubb |

24

25

26

27

28

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR STAY PENDING SETTLEMENT DOCUMENTATION AND SCBA FEE ARBITRATION       CASE NO. 2:08-CV-02558-WBS-GGH**

## I. INTRODUCTION

Plaintiffs filed this action to recover unpaid fees due and owing their Cumis counsel from the insurer Defendants, arising out of their defense in an underlying state court action. Defendants, among other responsive motions and pleadings, filed a motion to compel arbitration to determine the reasonableness of the fees pursuant to Cal. Civil Code §2860. The Court granted the motion to compel arbitration of the unpaid fees by order filed April 16, 2009. Defendants, however, did nothing to further the relief they sought; that is, Defendants did not seek arbitration of the fee dispute. In the absence of any action or discernible intent on the part of Defendants to move this matter into arbitration, Plaintiffs submitted the dispute to the Sacramento County Bar Association fee dispute program, which has accepted jurisdiction over the dispute.

Furthermore, in the underlying state court action, an agreement for settlement has been reached in a mediated settlement agreement. Portions of that agreement directly affect this action, e.g., an agreement by Defendants to dismiss Attorney Joanna Mendoza as a counter-defendant and to dismiss the cross-complaint against Plaintiffs, in exchange for dismissal by the Plaintiffs of all but the issue of attorneys' fees due and owing for their defense. Due to the procedural and substantive intricacies in the underlying state court case, however, a formal settlement agreement evidencing the mediated agreements has not yet been approved, and the obligations called for by the agreement are not yet due for performance. In fact, there has been an extended stay issued in the underlying case to allow time to resolve a number of procedural issues before the settlement is finalized.

Therefore, Plaintiffs request that the Court stay this action until such time as the SCBA fee arbitration has been concluded, and the settlement in the underlying state court action, as it pertains to this case, have been implemented. Furthermore, the Plaintiffs hereby request that a bond be required in amount of $1,200,000 to ensure that the Defendants can and will pay all Cumis fees determined to be owed through fee arbitration since they have threatened to be out of business in early 2010 and thereby unable to pay any judgment issued by this Court.

/ / /

II.   **FACTUAL AND PROCEDURAL BACKGROUND**

    A.   **The Court Has Ordered the Dispute as to Fees Owed to Cumis Counsel to be Submitted to Arbitration; Plaintiff has Submitted this Case to Arbitration**

Plaintiffs filed this action on October 27, 2009, seeking declaratory and injunctive relief, and also asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. The claims arose out of a failure by Defendants to pay Cumis counsel who the Plaintiffs had selected to defend them in an underlying state court action. Defendants answered and filed a counter-claim, and on February 3, 2009, the Court granted Defendants' motion to strike Plaintiff's claim for breach of fiduciary duty.

Thereafter, Defendants moved to have the matter ordered to arbitration, and to have the action dismissed. The Court, by Order filed April 16, 2009, granted Defendants' motion in part, ordering that the dispute as to fees owed to Plaintiffs' counsel be referred to arbitration, but the Court further retained jurisdiction over other aspects of the case. [Declaration of Joanna R. Mendoza in Support of Motion to Stay Pending Settlement Documentation and Fee Arbitration ("Mendoza Decl."), ¶5.]

Defendants' motion to require arbitration was clear and succinct in its description of the relief sought: "compelling the parties to arbitrate their dispute." [Defendants Centennial Insurance Co. and Atlantic Mutual Insurance Co.'s Notice of Motion and Motion to Compel Binding Arbitration, etc., filed March 6, 2009 at 1:6] Once their motion was granted, however, Defendants did nothing to further the relief they sought; that is, Defendants did not seek arbitration of the fee dispute. [Mendoza Decl., ¶5.]

In the absence of any effort by Defendants to arbitrate the matter over a five-month period, on September 21, 2009, the Plaintiffs filed a request with the Sacramento County Bar Association ("SCBA") attorney fee dispute arbitration program, which is administered pursuant to California Business and Professions Code section 6200 *et seq.* [Mendoza Decl., ¶6.] No hearing has been set; however, the SCBA has assumed jurisdiction over the dispute and, as of this writing, has requested that counsel provide their respective calendars, in order to hold an arbitration hearing within the next 90 days. [Mendoza Decl., ¶6, Ex. A.]

1  Defendants now object to the very relief they sought, namely, arbitration of the dispute
2  over unpaid fees. This objection has been expressed in various forms (but not in the way of a
3  motion to this Court), none of which have merit. However, those objections are not relevant to
4  the relief sought in this motion, since, after all, the matter must be arbitrated. Furthermore, the
5  SCBA has already assumed jurisdiction over the fee dispute and is in the process of setting a
6  hearing date.

> **B.    The Underlying State Court Action Has Been Mediated and Has Resulted in a Settlement Which Directly Affects this Action**

9  On or about July 20, 2009, a mediation was held before Anthony Piazza, Esq., in the
10 underlying state court action, entitled *Wallis v. PHL et al., Sacramento Superior Court case no.*
11 *CV06-0072352* ("*Wallis v. PHL*"). The mediation was attended by counsel for Wallis and PHL,
12 and also attended by Gary Selvin, Esq., counsel of record for Defendants and Counter-claimants
13 in this action. [Mendoza Decl., ¶2.]
14 At the July 20, 2009 mediation, certain agreements were reached in the underlying *Wallis*
15 *v. PHL* cross-complaint, including a resolution of some of the issues in this federal court case
16 which include, *inter alia*, the dismissal of the Defendants counter/cross-claim against the
17 Plaintiffs and Attorney Joanna Mendoza in exchange for a dismissal by Plaintiffs of all issues
18 raised by the complaint hereunder except the issue of attorneys' fees and costs owed to Cumis
19 counsel. [Mendoza Decl., ¶3.]
20 In addition, the mediated agreement also calls for preparation of a formal settlement
21 agreement. Because of certain procedural and substantive complexities in the *Wallis v. PHL*
22 action, it is currently anticipated that a formal agreement will not be ready for approval for
23 several months. The obligations in the mediated agreement, including dismissal of claims in this
24 action, are not likely to be implemented until a formal written agreement is executed by all
25 parties. [Mendoza Decl., ¶4.]
26 / / /
27 / / /
28 / / /

3

### C. Defendants Are Delaying this Arbitration, Knowing that Defendant Atlantic Mutual is Winding Down

Plaintiffs' counsel is informed and believes that Atlantic Mutual is operating in a "run out" mode, i.e., that the *Wallis v. PHL* litigation, as well as this action, are one of the few remaining claims that are being litigated by that insurer, and further, that Atlantic Mutual may not have sufficient funds to pay all of its claims. [Mendoza Decl., ¶8.] Defendants' failure to timely move this matter into arbitration, despite their request for that very relief, raises a fair and legitimate question of whether Defendants are attempting to "run out the clock" and reduce their assets in an effort to avoid paying the Plaintiffs' defense fees and costs still owed to Cumis counsel. Accordingly, Plaintiffs request that Defendants post a bond in an amount sufficient to cover the Plaintiff's Cumis fees and costs, namely, in an amount sufficient to cover the $1,200,000 expected to be owed to Attorney Mendoza for her fees and costs incurred while defending the Plaintiffs against the cross-complaint in the underlying state court action through the settlement process.

In conclusion, a stay of this action will permit the parties to comply with this Court's order compelling arbitration, and the requirement that Atlantic Mutual post a bond sufficient to cover the Cumis fees owed will avoid rendering this Court's orders meaningless and unenforceable, and together these remedies will allow the *Wallis v. PHL* settlement to be fully performed as agreed by both the Plaintiffs and the Defendants in this action.

### III. LEGAL AUTHORITY

### A. The Court Has Authority to Stay This Action

The trial court possesses inherent authority to control its docket, including the power to stay pending litigation. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). The Court's exercise of that power makes logical sense under these facts. The SCBA has taken the matter into its attorney fee dispute arbitration program, and a settlement in the underlying action, which directly affects this action and its remaining claims, needs to be finalized and carried out.

By analogy, under the Federal Arbitration Act, the trial court may issue a stay while the dispute is arbitrated as required in the agreement between the parties. 9 *U.S.C.* §3. Although

this action is not subject to that Act, the rationale of the statute applies equally here. Court proceedings should be stayed so the parties have a reasonable period of time to arbitrate.

### B. The Court Should Require Defendants to Post a Bond

The amount of overdue and unpaid Cumis fees is substantial: over $1,000,000. However, Plaintiffs are not litigating with a solvent, operating defendant. Defendant Atlantic Mutual is obligated to pay out remaining claims, including that of the underlying action, *Wallis v. PHL*, and this claim as well. What is particularly troubling, however, is that Atlantic Mutual's threatened insolvency is the context in which Defendants quickly filed a motion to compel arbitration, but then did nothing at all to initiate that arbitration. Then, when the Plaintiffs initiated SCBA fee arbitration, the Defendants immediately claimed that the matter was not properly arbitrable. Under these circumstances it is entirely reasonable for one to question Defendants' tactics, and whether the motion to compel was based on a cynical desire to "run out the clock" so it would be insolvent before it had to pay out on the owed Cumis fees required under its contract of insurance with the Plaintiffs – leaving the Plaintiffs' stuck holding the expected $1,200,000 liability for their defense of the cross-complaint for which they deserved to have the benefit of the bargain from their policy of insurance.

It is well-established that federal courts have certain ancillary powers. By way of analogy, federal courts can require a bond to ensure that costs can be paid if that party is unsuccessful and is taxed costs. *Anderson v. Steers, Sullivan, McNamar & Rogers* (7th Cir. 1993) 998 F.2d 405. This rule is based on the rationale that the power to tax costs implies the ancillary power to take reasonable measures that the costs will be paid. *Id.*, citing *Ehm v. Board of Directors* (5th Cir. 1986) 780 F.2d 516; *Hawes v. Club Ecueste El Comandante* (1st Cir. 1967) 535 F.2d 140; *A. & M. Gregos, Inc. v. Robertory* (E.D. Pa 1976) 70 F.R.D. 231; *State Wide Enterprises, Inc. v. United States Gypsum Co.* (E.D. Mich 1965) 238 F.Supp. 604.

Under the particular facts of this case, this ancillary power can be exercised to require Defendants to post a bond sufficient to cover the fees they owe to Cumis counsel, since the rendition of judgment in Plaintiffs' favor justifies reasonable measures to ensure that the judgment will be satisfied. This is not a typical collection case, since Atlantic Mutual has

1  threatened that it will become insolvent by early 2010, and is in the process of winding down its
2  business. This fact, coupled with the inexcusable delay of Defendants to initiate the arbitration
3  relief they had demanded, renders exercise of the Court's ancillary power both reasonable and
4  necessary.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court stay this action pending completion of arbitration under the SCBA attorney fee dispute arbitration, as well as completion of the settlement in the *Wallis v. PHL* action; and further, that the Court require Defendants to post a bond in the amount of $1,200,000.00 to ensure coverage of Cumis fees following the fee arbitration and entry of judgment therefrom.

DATED: November 4, 2009          LAW OFFICES OF JOANNA R. MENDOZA, P.C.

/s/ Joanna R. Mendoza
Joanna R. Mendoza
Attorneys for Plaintiffs Dale M. Wallis,
James L. Wallis and Hygieia Biological Laboratories