1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DALE M. WALLIS, D.V.M., JAMES
L. WALLIS, and HYGIEIA
BIOLOGICAL LABORATORIES, INC.,
a California Corporation,

        Plaintiffs,

    v.

CENTENNIAL INSURANCE COMPANY,
INC., a New York corporation,
ATLANTIC MUTUAL INSURANCE CO.,
INC., a New York Corporation,

        Defendants.
_____/

AND RELATED COUNTER-CLAIMS AND
THIRD-PARTY COMPLAINT.
_____/

NO. CIV. 08-2558 WBS GGH

MEMORANDUM AND ORDER RE:
MOTION FOR STAY PENDING FINAL
SETTLEMENT DOCUMENTATION AND
SCBA FEE ARBITRATION AND
DEMAND FOR BOND

----oo0oo----

        Plaintiffs Dale M. Wallis ("Dr. Wallis"), James L.

Wallis ("Mr. Wallis"), and Hygieia Biological Laboratories, Inc.

("Hygieia") brought this action against defendants Centennial

Insurance Company Inc. and Atlantic Mutual Insurance Co. Inc.

alleging breach of insurance contract, breach of the implied

1

1  covenant of good faith and fair dealing, and breach of fiduciary

2  duty relating to plaintiffs' veterinarian professional liability

3  policy ("Policy").  Plaintiffs now seek a stay of this action

4  pending the completion of <u>Cumis</u> arbitration proceedings and also

5  pending documentation and implementation of a partial settlement

6  in the underlying state court action.  Plaintiffs also move for

7  an order requiring the defendants post a bond in the amount of

8  $1,200,0000.00 to cover anticipated unpaid <u>Cumis</u> fees.

9        A.    <u>Request for Stay Pending Final Settlement and</u>

10             <u>Arbitration</u>

11             In its April 16, 2009 Order, this court granted

12  the defendants' motion, in part, to compel binding arbitration

13  regarding <u>Cumis</u> counsel fees pursuant to California Civil Code §

14  2860(c).  (April 16, 2009 Order.)  Presently before the

15  Sacramento County Bar Association ("SCBA") is the question of

16  whether that arbitration forum has jurisdiction to hear the <u>Cumis</u>

17  fee dispute.  This court retained jurisdiction over other issues

18  not squarely involving the calculation of <u>Cumis</u> counsel fees.

19  (<u>Id.</u>)  On July 20, 2009, an agreement for settlement of the

20  underlying state court action was reached in a mediated partial

21  settlement agreement.  (Mot. Stay, Decl. Joanna R. Mendoza ¶ 2.)

22  A formal settlement agreement has not yet been approved, and the

23  state court has issued an extended stay to allow time to resolve

24  several procedural issues in that case before the settlement is

25  finalized.  (Mot. Stay, Decl. Joanna R. Mendoza ¶ 4.)

26        The plaintiff moves for a stay of this action pending a

27  final settlement and pending completion of the <u>Cumis</u> fee

28  arbitration proceedings.  Defendants do not oppose the motion.

1  Therefore, the motion for stay will be granted.

2       B.    Request for Bond or Writ of Attachment Pending Attorney

3             Fee Arbitration

4             Rule 64 of the Federal Rules of Civil Procedure

5  provides, in pertinent part, that "all remedies providing for

6  seizure of person or property for the purpose of securing

7  satisfaction of the judgment ultimately to be entered in the

8  action are available under the circumstances and in the manner

9  provided by the law of the state in which the district court is

10 held ...." Fed. R. Civ. P. 64.  Thus, Rule 64 "permits state

11 seizure provisions to be used in federal courts . . . ." Reebok

12 Int'l v. Marnatech Enters., 970 F.2d 552, 558 (9th Cir. 1992);

13 Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co., 112 F. Supp.

14 2d 1178, 1181 (C.D. Cal. 2000) (noting that Rule 64 incorporates

15 state law for prejudgment seizures of property).  Among the

16 specific seizure remedies provided by Rule 64 are arrest,

17 attachment, garnishment, replevin and sequestration.

18            Section 483.010(a) of the California Code of Civil

19 Procedure states that an attachment may be issued on "a claim or

20 claims for money, each of which is based on a contract, express

21 or implied, where the total amount of the claim or claims is a

22 fixed or readily ascertainable amount not less than five-hundred

23 dollars ($500) exclusive of costs, interest and attorney's fees."

24 Cal. Civ. P. Code 483.010(a).

25            California Code of Civil Procedure § 484.090 provides

26 that before an attachment order is issued, the court must find

27 that: (1) the claim upon which the attachment is based is one

28 upon which an attachment may be issued; (2) the applicant has

1 | established "the probable validity" of the claim upon which the
2 | attachment is based; (3) the attachment is not sought for a
3 | purpose other than the recovery on the claim upon which the
4 | request for attachment is based; and (4) the amount to be secured
5 | by the attachment is greater than zero.  In order to establish
6 | "the probable validity" of the claim, the applicant must show
7 | that it is more likely than not it will obtain a judgment against
8 | the defendant on its claim.  Cal. Civ. P. Code § 481.190.

9 |         "Attachment is a prejudgment remedy which requires a
10 | court to make a preliminary determination of the merits of a
11 | dispute. It allows a creditor who has applied for an attachment
12 | following the statutory guidelines and established a prima facie
13 | claim to have a debtor's assets seized and held until final
14 | adjudication at trial."  Lorber Indus. v. Turbulence, Inc., 175
15 | Cal. App. 3d 532, 535 (1985).  The burden is on the moving party
16 | to establish grounds for an order of attachment.  Loeb and Loeb
17 | v. Beverly Glen Music, Inc., 166 Cal. App. 3d 1110, 1116 (1985).
18 | Attachment is a purely statutory remedy, which is subject to
19 | strict construction.  Jordan-Lyon Prods., Ltd. v. Cineplex Odeon
20 | Corp., 29 Cal. App. 4th 1459, 1466 (1994).

21 |         Plaintiffs request that this court order a bond or writ
22 | of attachment[1] in the amount of $1,200,000.00 to ensure that the
23 | defendants can and will pay all Cumis fees determined to be owed
24 | through the arbitration compelled by this court.  In support of

25

---

26 |     [1]In their Reply, plaintiffs for the first time style their
    motion as a request for bond or writ of attachment.  Until this
27 | time, plaintiffs have only requested a bond in the amount of
    $1,200,000.00.  The court will, however, address the issue of
28 | attachment.

1   this motion, plaintiffs allege that during mediation discussions,

2   defendant's counsel advised the parties that Atlantic Mutual is

3   operating in "run out" mode and that Atlantic Mutual may not have

4   sufficient funds to pay out claims after early 2010.  (Mot. Stay

5   Decl. Joanna R. Mendoza ¶ 8.) Plaintiffs fear that if a bond is

6   not issued, defendants may unable to pay any judgment later

7   issued by this court, and that plaintiffs will be left with a

8   worthless insurance policy and liability for over $1,000,000.00

9   in attorneys fees. (Id.)  Plaintiffs further allege that the

10   delay in beginning arbitration after this court's April 16, 2009

11   Order compelling arbitration, and subsequent motions before the

12   SCBA challenging that organization's jurisdiction to arbitrate

13   the Cumis fee dispute, are due to defendants' efforts to "run out

14   the clock" on this litigation to avoid paying any potential award

15   of Cumis fees that may be awarded by the arbitration forum.

16   (Id.)

17           As of September 21, 2009, the amount of unpaid attorney

18   fees for plaintiffs' Cumis counsel amounts to $1,073,693.13, and

19   plaintiffs estimate that they will total over $1,200,000.00 by

20   the time Cumis counsel's defense of plaintiffs in the underlying

21   state court action is completed through the settlement process.

22   (Mot. Stay Decl. Joanna R. Mendoza ¶ 6; Mot. Stay 4.)  However,

23   defendants assert that they do not owe this amount or any other

24   amount because they have already paid more than the reasonable

25   value of the services rendered by Cumis counsel in defense of the

26   underlying state court action. (Opp. Mot. Stay 9); see Cal. Civil

27   Code § 2860.

28           Plaintiffs have not made a sufficient showing that

5

1   would establish the "probable validity" of the claim upon which

2   the attachment is based as required by section 484.090(a)(2).

3   Specifically, plaintiff's request for a bond or attachment has

4   focused almost exclusively on the alleged bad faith actions of

5   the defendants.  This is not the heart of the fee dispute between

6   plaintiffs and defendants currently before the SCBA for

7   arbitration.  The dispute is whether defendants actually owe any

8   of the unpaid fees billed.  Although plaintiffs have provided the

9   court with a redacted version of their most recent invoice from

10  Cumis counsel, and had available a set of unredacted invoices

11  during oral argument for the court's review, they have not

12  presented any evidence that would allow the court to determine

13  whether the additional fees claimed are in fact due to

14  plaintiffs.  Plaintiffs have not, therefore, established that it

15  is more likely than not that they will prevail on the Cumis fee

16  issue, and their request for attachment must be denied.

17          What remains is plaintiffs' loosely-pled motion for a

18  bond.  Defendants object to the motion to post bond on the ground

19  that Local Rule 65.1-151 does not provide for courts to require

20  security for damages, which in this case are the Cumis counsel

21  fees.  Besides attachment, Local Rule 65.1-151 allows for

22  security for costs and for a supersedeas bond.  (Eastern District

23  Local Rule 65.1-151.)  Plaintiffs provide no statutory authority

24  for the proposition that this court has the power to issue a bond

25  for damages.  Rather, plaintiffs analogize to the power to

26  require a bond to ensure that costs can be paid if that party is

27  unsuccessful and is taxed costs.  (Mot. Stay 5 (citing Anderson

28  v. Steers, Sullivan, McNamar & Rogers, 998 F.2d 405 (7th Cir.

1    1993)).)   In this case, plaintiffs request a bond to ensure that

2    damages are paid should plaintiffs receive a favorable ruling in

3    the Cumis fee arbitration.   To do so would circumvent the

4    pleading standards required to attach the defendants' assets

5    pending the outcome of this litigation.   Therefore, plaintiffs'

6    motion for a bond will be denied.

7            IT IS THEREFORE ORDERED that plaintiffs' motion for

8    stay pending final settlement and arbitration be, and the same

9    hereby is, GRANTED.

10           IT IS FURTHER ORDERED that plaintiffs' motion for

11   attachment and/or bond pending attorney fee arbitration is hereby

12   DENIED.

13   DATED:   December 9, 2009

14

15   _____
     WILLIAM B. SHUBB

16   UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                   7