UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC., a California Corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, ATLANTIC MUTUAL INSURANCE CO., INC., a New York Corporation,<br><br>    Defendants.<br>_____/<br>AND RELATED COUNTER-CLAIMS AND THIRD-PARTY COMPLAINT.<br>_____/ | NO. CIV. 08-2558 WBS GGH<br><br><u>ORDER RE: MOTION TO ENFORCE SETTLEMENT AGREEMENT</u> |

----oo0oo----

    Following this court's Order of April 16, 2009, granting defendants' motion to compel binding arbitration with

1

respect to the amount of attorney's fees allegedly owed to <u>Cumis</u>[1] counsel, the parties entered into a handwritten agreement purporting to settle the remaining claims in this action. Presently before the court is plaintiffs' motion to enforce the terms of that agreement.

### Dismissal of Claims

Plaintiffs first ask the court to enforce those provisions of the agreement calling for the dismissal of all claims, cross claims and counterclaims in this action, with the exception of the claim which the court ordered to be arbitrated. Upon the representation of defense counsel that progress is being made toward the preparation and filing of papers finalizing such dismissals, a telephonic status conference is set for January 25, 2010, at 3:00 p.m.. Unless progress is made promptly, the court may have no choice but to set aside the stay previously ordered and set this matter for trial.

### Arbitration

In the second part of their motion, plaintiffs ask the court to require that the arbitration ordered in its April 16, 2009 Order be submitted to the Sacramento County Bar Association ("SCBA") for arbitration in that forum pursuant to California Business and Professions Code § 6200 <u>et seq.</u> In support of this request, plaintiffs seize upon the language in the agreement that talks about the "mandatory fee arbitration." The court, however, interprets that language as a simple reference to the terms of court's Order mandating binding arbitration of the attorney fees

---

[1] <u>San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.</u>, 162 Cal. App. 3d 358 (1984).

2

as required by Cal. Civ. Code § 2860(c).  It is not an agreement to abide by the provisions of section 6200 et seq.

In fact, the SCBA has determined that it has no jurisdiction to hear this dispute.  On December 29, 2009, the SCBA panel appointed to determine whether the SCBA had jurisdiction to mediate the Cumis fee dispute issued a Notice of Intended Decision on Objection to Jurisdiction to [SCBA] Mandatory Fee Arbitration Proceeding.  (Supp. Decl. Gary L. Selvin Ex. B.)  The Notice informed the parties that the SCBA intended to rule that it lacked jurisdiction to mediate the Cumis fee dispute.  (Id. at 5 (stating, inter alia, that "[t]here simply is no fee dispute between an attorney and a client in this matter."))[2]

Section 2860(c) provides that "[a]ny dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute."  It makes no reference, express or implied, to California Business and Professions Code § 6200 et seq.  The court therefore concludes that the parties are not bound to the arbitrate their dispute in a proceeding before the SCBA.  Instead, they are required by section 2860(c) to select a single neutral arbitrator to resolve their dispute.  Absent a petition by one of the parties, it is not the responsibility of this court to select the arbitrator or to further instruct the parties how to proceed with their

---

[2] Plaintiffs have since requested that the SCBA arbitration panel delay issuing a final order until the court rules on plaintiffs' instant motion.  (Decl. Joanna R. Mendoza Ex. B. (Docket No. 83))

3

arbitration.  <u>See</u> Cal. Code Civ. P. § 1281.6.

       IT IS THEREFORE ORDERED that plaintiffs' motion to enforce the settlement agreement be, and the same hereby is, DENIED.

DATED:  January 19, 2010

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4