UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC., a California Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, ATLANTIC MUTUAL INSURANCE CO., INC., a New York Corporation,<br><br>    Defendants.<br>_____/<br>AND RELATED COUNTER-CLAIMS AND THIRD-PARTY COMPLAINT.<br>_____/ | NO. CIV. 08-2558 WBS GGH<br><br><u>ORDER RE: MOTION TO ENFORCE SETTLEMENT AGREEMENT</u> |

----oo0oo----

Plaintiffs Dale M. Wallis ("Dr. Wallis"), James L. Wallis ("Mr. Wallis"), and Hygieia Biological Laboratories, Inc. ("Hygieia") brought this action against defendants Centennial Insurance Company Inc. and Atlantic Mutual Insurance Co. Inc. (collectively referred to as "Centennial") alleging breach of

1

1 insurance contract, breach of the implied covenant of good faith
2 and fair dealing, and breach of fiduciary duty relating to
3 plaintiffs' veterinarian professional liability policy
4 ("Policy").

5      All proceedings unrelated to the <u>Cumis</u>[1] fee dispute
6 have been stayed since the court issued its December 9, 2009
7 Order granting plaintiff's motion for a stay.  (Docket No. 74.)
8 On July 20, 2009, the parties signed an untitled, handprinted
9 document which purported to set forth the terms of a settlement
10 but contained the provision that "this release will be reduced to
11 a formal release to be executed by all parties."  The document
12 went on to state, however, that "this agreement is binding upon
13 all signators, whether or not the parties execute a formal
14 agreement."

15      On January 20, 2010, the court denied a motion by
16 plaintiffs to enforce the terms of the July 20, 2009 handwritten
17 document, as the parties were working on submitting a final
18 global release. (Docket No. 87.)  Since the court issued its
19 January 20, 2010 Order, the parties have tried and failed to
20 negotiate a formal settlement and stipulation to dismiss the
21 pleadings.

22      Centennial now moves the court for an order enforcing
23 the handwritten document and dismissing this action in its

---

[1] <u>San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.</u>, 162 Cal. App. 3d 358 (1984).  The court granted defendants' motion to compel binding arbitration with respect to attorneys' fees owed <u>Cumis</u> counsel on April 15, 2009.  (Docket No. 41.)

2

1  entirety.[2]  (Docket No. 93.)

2       "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987).  To be enforceable, a settlement must meet two requirements.  First, it must be a completed agreement. Callie, 829 F.2d at 890-91.  Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute.  Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144-45 (9th Cir. 1977).  The July 20, 2009 document meets neither requirement.

12      First, the court cannot conclude with any degree of certainty that the handwritten July 20, 2009 document was intended to be a completed agreement.  The parties clearly anticipated that it would be reduced to a more formal agreement at a later date.  It could thus be interpreted as more of an agreement to agree, and the language to the effect that it is binding on all parties could be construed to mean that the agreement to agree was binding on all parties.  Second, the parties now dispute what the terms of the agreement were to be.  Specifically, they do not agree whether the release was intended to include those claims in this action that the court has sent to arbitration.

24      This court was neither a party to the so-called settlement agreement nor did this court approve it.  The whole

---

[2]  Plaintiffs also request the court take judicial notice of various filings in the underlying state court action. (Docket No. 108.)  The court will take judicial notice of such filings.  See Fed. R. Evid. 201(b)(2).

3

concept of a settlement is that it is a voluntary agreement between the parties to resolve a lawsuit on mutually acceptable terms.  That concept is defeated when the court imposes terms on one of the parties which that party did not intend to accept. Here, it appears that the parties never had a meeting of the minds.  If they cannot agree on what their purported settlement covered then they do not have a settlement agreement.

     IT IS THEREFORE ORDERED that Centennial's motion to enforce the settlement agreement be, and the same hereby is, DENIED.

DATED: June 24, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4