UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC., a California Corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, ATLANTIC MUTUAL INSURANCE CO., INC., a New York Corporation,<br><br>          Defendants.<br>_____/<br>AND RELATED COUNTER-CLAIMS AND THIRD-PARTY COMPLAINT.<br>_____/ | NO. CIV. 08-2558 WBS GGH<br><br><u>ORDER RE: MOTION FOR RECONSIDERATION</u> |

----oo0oo----

Plaintiffs move for reconsideration of this court's order of April 16, 2009 compelling arbitration of the parties'

1

Cumis[1] fee dispute. A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 (9th Cir. 1989). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

Rule 60(b) provides for relief from a final judgment or order: (1) due to mistake, surprise, or excusable neglect; (2) due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move" for Rule 59(e) relief; (3) due to fraud or misconduct by an opposing party; (4) where the judgment is void; (5) where the judgment has been satisfied, reversed, or where applying it prospectively is no longer equitable; and (6) for any other reason that justifies relief.

Under Rule 60(c), motions for relief from final judgment based on grounds (1) through (3) must be made within one year after the order is entered. Because plaintiffs' motion comes more than one year after the court's Order, their motion for relief from judgment can only be based on grounds (4) through (6). Nothing in plaintiffs' motion implies that the court's Order is void, satisfied, or discharged, leaving only the sixth

---

[1] <u>San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.</u>, 162 Cal App. 3d 358 (1984).

ground as a possible avenue through which to seek relief from the court's April 16, 2009 Order. Courts grant relief under the sixth ground only under "extraordinary circumstances." Sch. Dist. Number 1J, 4 F.3d at 1263.

Plaintiffs argue that the March 24, 2010 decision of the California Court of Appeals in Intergulf Development, LLC v. Superior Court, 183 Cal. App. 4th 16 (2010) is an "intervening change in controlling law" that warrants reconsideration of the court's prior Order. See School Dist. No. 1J, Multnomah County v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). In Intergulf, the insured filed a claim under the policy of insurance for defense, and the insurer agreed to defend under a reservation of rights through its preferred law firm. 183 Cal. App. 4th at 18-19. Citing Cumis, the insured objected to the insurer's choice of counsel and sent the insurer letters spanning the course of a year requesting confirmation that the insurer would reimburse the insured's defense costs. Id. at 19. After more than a year of silence from the insurer and after incurring defense costs that were not yet reimbursed, the insured sued for bad faith and breach of contract. The insurer subsequently made payments toward the insured's defense costs, and moved to compel arbitration under section 2860. Id. Intergulf emphasizes that the insurer's absolute silence with respect to the insured's right to independent counsel and delay in paying policy benefits was alleged to be a total breach of the duty to defend. Id. at 20-21. When the court granted a motion to compel arbitration, it had not yet decided if the insurer owed the insured a duty to defend and whether the insurer had breached that duty by failing

3

to defend the insured "immediately" and "entirely" on tender of the defense. Id. at 21. Under those circumstances, it was inappropriate for the court to order section 2860 arbitration because it could prejudice the insured's claim that the insurer "failed to accept [its] selection of independent counsel and pay its share of defense costs in a timely manner." Id. at 22.

Intergulf distinguishes itself from Compulink Management Center, Inc. v. St. Paul Fire & Marine Ins. Co., 169 Cal. App. 4th 289 (2008), noting that in Compulink the insurer allowed the insured to select independent counsel and the insured's complaint for breach of contract and bad faith alleged the insurer underpaid attorney fees and costs. Intergulf, 183 Cal. App. 4th at 19-22. Intergulf further distinguishes Compulink on the grounds that it did not involve the preliminary questions of the duty to defend or whether the insurer recognized the insured's right to select independent counsel involved. Id. at 21-22. This court's April 16, 2009 Order compelling arbitration of third-party defendant Mendoza's Cumis counsel fees agreed with the analysis in Compulink that stated that section 2860 "does not exempt from arbitration Cumis fee disputes that are coupled with additional . . . claims." 169 Cal. App. 4th at 296-97; (see Docket No. 41.)

Unlike in Intergulf and like in Compulink, the defendants in this action do not dispute that they owe plaintiffs a duty to defend. Indeed, defendants have defended plaintiffs in the underlying state court action for over a decade and paid large sums for plaintiffs' defense. (See Compl. ¶ 22 ("For a long period of time the defendant insurers paid the fees and

4

costs incurred by the plaintiffs . . . .").) Nor do the defendants in this case dispute plaintiffs' right to select independent Cumis counsel. Plaintiffs have selected and defendants have paid for independent counsel for years. Rather, plaintiffs allege that defendants have, after many years of litigation, refused "to pay the full amount of fees and costs incurred" in plaintiffs' defense. (Id.) As a result of defendants' limitations on the fees and costs it now agrees to pay to further plaintiffs' defense, plaintiffs allege that they have been unable to keep the counsel of their choice and are in debt to their attorneys. (Id. ¶ 23.) Defendants' new "billing guidelines" and third-party audits of plaintiffs' attorneys fees and costs which have reduced the amounts that defendants have been willing to pay for plaintiffs' defense, along with general claims that defendants desire to control plaintiffs' defense, form the basis of plaintiffs' bad faith cause of action against defendants. (Id. ¶ 36.)

The facts of this case simply do not track the facts in Intergulf such that it constitutes an intervening change in controlling law. Rather, the facts in this case mirror those which Intergulf found distinguishable in Compulink. The mere fact that plaintiffs' Complaint includes causes of action for bad faith and breach of contract does not exempt the Cumis fee dispute from section 2860 arbitration.

///
///
///
///

IT IS THEREFORE ORDERED that plaintiffs' motion for reconsideration be, and the same hereby is, DENIED.

DATED: June 24, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE