UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC., a California Corporation,

    Plaintiffs,

    v.

CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, ATLANTIC MUTUAL INSURANCE, CO., INC., a New York corporation,

    Defendants,
_____/

AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT.
_____/

NO. CIV. 08-02558 WBS GGH

MEMORANDUM AND ORDER RE: MOTION TO STAY

----oo0oo----

    Plaintiffs Dale M. Wallis, James L. Wallis, and Hygieia Biological Laboratories Inc. brought this action against defendants Centennial Insurance Company, Inc. and Atlantic Mutual Insurance Co., Inc. alleging breach of insurance contract, breach of the implied covenant of good faith and fair dealing, and

1

breach of fiduciary duty relating to plaintiffs' professional liability insurance policy.  Defendants now move to stay the action pursuant to the Orders of Liquidation issued against both defendants in New York state court.

I.   Factual and Procedural Background

Plaintiffs filed this action on October 27, 2008, alleging damages arising from defendants' refusal to pay defense fees and costs in connection with an underlying intellectual property action. (Docket No. 1).  On September 14, 2010, the Supreme Court of the State of New York executed an "Order of Rehabilitation of Atlantic Mutual Insurance Company" and an "Order of Rehabilitation of Centennial Insurance Company."  (Not. of Rehabilitation Order at 2 (Docket No. 122).)  Under the terms of the Orders, defendants were determined to be insolvent and consented to the entry of an order of rehabilitation under New York insurance law.  (Id. at 4-12.)

On September 21, 2010, defendants submitted a Notice of Rehabilitation Order to this court and requested a stay of this action for 180 days.  (Docket No. 122.)  On November 23, 2010, the parties submitted a stipulation providing that the action should be stayed pursuant to the Rehabilitation Order until March 15, 2011.  (Docket No. 123.)  On December 7, 2010, the court issued an Order in furtherance of the stipulation and stayed this matter until March 15, 2011.  (Docket No. 124.)

On April 27, 2011, the Supreme Court of the State of New York issued Orders of Liquidation for defendants that supplanted the prior Orders of Rehabilitation of September 16, 2010.  (Joint Status Report at 2:15-16 (Docket No. 126).)

2

Paragraphs 6 and 7 of both Orders of Liquidation state that, "All persons are enjoined and restrained from commencing or prosecuting any actions" against defendants, and "are enjoined and restrained from obtaining preferences, judgments, attachments or other liens, or making any levy" against defendants. (Id. Exs. 1, 2.)

Pursuant to the court's October 13, 2011, Order, the parties filed a Joint Status Report on November 16, 2011. (Docket No. 126.) Defendants requested that this case be permanently enjoined and plaintiffs requested that the matter be stayed for an additional year. (Id.)

The court held a Status Conference on November 16, 2011. At the Status Conference, the court requested further briefing on whether it was required to grant the stay in light of the Ninth Circuit's holding in Hawthorne Savings F.S.B. v. Reliance Insurance Co. of Illinois, 421 F.3d 835 (9th Cir. 2005), amended by 433 F.3d 1089 (9th Cir. 2006). Since the Status Conference, plaintiffs have retracted their request for a one-year stay and now request that a stay not be ordered. (Pls.' Opp'n to Defs.' Mot. to Stay at 2:4-11 (Docket No. 133).) Plaintiffs state that their change of heart occurred because "Plaintiffs had previously thought a one-year stay was acceptable, but the Defendants now state in their motion that the liquidation 'will likely take years' making the Plaintiffs' suggestion of a shorter stay 'impractical and legally unsupported.'" (Id. at 2:4-6 (quoting Defs.' Mot. to Stay at 1 n.1 (Docket No. 130)).)

II. <u>Discussion</u>

A court may stay proceedings pursuant to a power that is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). A district court's decision to grant or deny a <u>Landis</u> stay is a matter of discretion. <u>See</u> <u>Dependable Highway Express, Inc. v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007); <u>Rohan ex rel. Gates v. Woodford</u>, 334 F.3d 803, 817 (9th Cir. 2003). A <u>Landis</u> stay, however, should not be granted "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." <u>Leyva v. Certified Grocers of Cal., Inc.</u>, 593 F.2d 857, 864 (9th Cir. 1979).

In deciding whether to grant a stay the court must weigh the competing interests of the parties, considering in particular: (1) the possible damage that may result from the grant of a stay, (2) the hardship or inequity a party may suffer in being required to go forward with the case, and (3) the orderly course of justice. <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962) (citing <u>Landis</u>, 299 U.S. at 254-55). The burden on the party seeking a stay is reduced when the opposing party will not incur any cognizable damage from the stay. <u>Lockyer v. Migrant Corp.</u>, 398 F.3d 1098, 1112 (9th Cir. 2005).

Congress has exempted the insurance industry from virtually all federal regulation, including the federal bankruptcy laws. <u>See</u> 11 U.S.C. § 109(b)(2)-(3). The Supreme

4

Court has affirmed "the supremacy of the States in the realm of insurance regulation." U.S. Dept. of the Treasury v. Fabe, 508 U.S. 491, 500 (1993). In an insurance case, therefore, the court must therefore "decide how a California state court would handle the legal questions at issue." Hawthorne Savings, 421 F.3d at 841.

The Uniform Insurers Liquidation Act ("UILA") was drafted by the National Conference of Commissioners on Uniform State Laws to "resolve some of the complexities of liquidating an insolvent insurance company with assets in multiple states." Levin v. Nat'l Colonial Ins. Co., 806 N.E.2d 473, 476 (N.Y. 2004). UILA has been enacted in California at Insurance Code sections 1064.1 through 1064.12. New York, where defendants are in liquidation proceedings, has also enacted UILA, making it a reciprocal state under UILA's provisions.

In Hawthorne Savings, 421 F.3d 835, the Ninth Circuit Court of Appeals evaluated the application on UILA in circumstances similar to those found in this case. The plaintiff in Hawthorne Savings brought an action against an insurance company in California state court based on state law claims and the action was later removed to federal court. Hawthorne Savings, 421 F.3d at 839. Prior to the completion of the litigation, liquidation proceedings were commenced in Pennsylvania state court against the defendant insurance company. Id. at 840. The Pennsylvania state court's order of liquidation provided that, "All actions, including arbitrations and mediations, currently pending against Reliance in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed."

5

Id.  The Ninth Circuit held that, despite the Pennsylvania order, neither the Full Faith and Credit Clause of the Constitution nor the Uniform Insurers Liquidation Act ("UILA"), Cal. Ins. Code § 1064.1-.12, required that in personam proceedings against an insolvent insurance company be stayed.  Hawthorne Savings, 421 F.3d at 856.  In interpreting UILA's codification in California, the court held that "the language [of section 1064.9] suggests that an 'action or proceeding' may be maintained unless it is 'in the nature of an attachment, garnishment, or execution.'"  Id. at 855 (quoting Cal. Ins. Code § 1064.9).  The court further held that "state courts may never enjoin in personam proceedings in the federal courts."  Id. at 851.

Defendants argue that Hawthorne Savings is not controlling in this case because the Ninth Circuit only addressed the application of California Insurance Code section 1064.9 and did not address the application of section 1064.5.  (Mot. to Stay at 13:23-26.)  California Insurance Code section 1064.9 states that "[d]uring the pendency of delinquency proceedings in this or any reciprocal state, no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets."  Cal. Ins. Code § 1064.9.  Section 1064.5 provides that "[i]n a delinquency proceeding in a reciprocal state against an insurer domiciled in that state, claimants against such insurer who reside within this state may file claims either with the ancillary receiver, if any, appointed in this state, or with the domiciliary receiver."  Id. § 1064.5 (emphasis added).  Defendants interpret section 1064.5 as mandating that,

6

once liquidation proceedings have begun, all claims must be brought to the appropriate receiver and may not be pursued in court, thus barring the action before this court.  Because New York is a reciprocal state and no receiver has been appointed in California, defendants argue that all claims against them must be filed with the receiver in New York.[1]

Defendants interpretation of section 1064.5 would, at best, render section 1064.9 superfluous because it suggests that all actions, regardless of whether they are in rem or in personam, must be brought to the receiver, so that the provision in 1064.9 prohibiting in rem proceedings becomes meaningless.  In order to avoid rendering section 1064.9 superfluous while accepting defendants' position that section 1064.5 limits claimants to bringing claims through the appropriate receivers, one would have to conclude that section 1064.9 limits the claims that can be filed with the receivers to in rem claims only.  This interpretation would deprive claimants in the midst of pursuing in personam actions against an insurance company from ever recovering on their claims if the insurance company goes into liquidation.  It also suggests that plaintiffs in this case are ineligible to proceed in New York state court because their claim is an in personam, not an in rem, claim.  This cannot be the case.

The more logical interpretation is that section 1064.5 is a permissive statute that allows claimants to file their

---

[1] Plaintiffs have already pursued their alternative remedy in this case.  They appear to have brought their claim directly to the liquidation receiver in New York. (Defs.' Mot. to Stay at 1:12-13.)

7

claims with the receiver, see Cal. Ins. Code § 1064.5 ("claimants . . . may file claims") (emphasis added), and that section 1064.9 imposes limits on what type of actions may be filed in court. Section 1064.5 thus qualifies as an alternative remedy to claimants who would prefer to not pursue their in personam action in court or who are barred from pursuing their in rem action in court pursuant to section 1064.9. Reading the insurance code as a whole, the law therefore requires that in rem claims be filed with the appropriate receiver, but that in personam actions may either proceed in court or be filed with the receiver. See API, Inc. Asbestos Settlement Trust v. Atl. Mut. Ins. Co., No. 09-665, 2011 WL 5244669, at *3 (D. Minn. Nov. 2, 2011) ("When reading [Minnesota's codification of UILA] as a whole, the Court finds that the 'claims' the Trust must file in New York are in rem claims.").

Defendants cite authority from other courts suggesting that a stay is appropriate in this case. See, e.g., In re Ins. Affiliates, Inc. v. O'Connor, 522 F. Supp. 703, 706 (D. Colo. 1981); Integrity Ins. Co. v. Martin, 769 F.2d 69, 70 (Nev. 1989); Vlasaty v. Avco Rent-A-Car Sys., Inc., 304 N.Y.S.2d 118, 120 (N.Y. S. Ct. 1969). But see Mancini v. Ins. Corp. of N.Y., No. 07cv1750, 2010 WL 966825, at *2 (S.D. Cal. Mar. 15, 2010) (holding that a stay of proceedings is not required); Ins. Corp. of N.Y. v. H & H Plastering Inc., No. C 07-05214, 2010 WL 476647, at *4 (N.D. Cal. 2010) (same). These authorities, while instructive, are not binding on this court. Defendants also argue that other courts have already applied stays in cases involving them following the commencement of liquidation

proceedings. See Van Line Bunkering, Inc. v. Atl. Mut. Ins., No. 10-CV-4460, 2011 WL 611842 (E.D. Pa. Feb. 18, 2011); In re Asbestos Prods. Liab. Litig. (No. VI), No. 08-76815, 2010 WL 4452320 (E.D. Pa. Nov. 4, 2010).[2] The court in Van Line Bunkering, however, did not base its decision to stay the action on the application of UILA's provisions, but instead exercised the principles of the abstention doctrine. See Van Lines Bunkering, 2011 WL 611842 at *9-13. Defendants have not requested that this court apply the abstention doctrine and the Ninth Circuit has already addressed the application of the abstention doctrine in circumstances like these and found that it is not appropriate. Hawthorne Savings, 421 F.3d at 844-49.

In this case, as in Hawthorne Savings, plaintiffs are proceeding against defendants in an in personam action. Although the New York Supreme Court issued an order enjoining cases in jurisdictions outside New York, this court is not bound by that order. The Ninth Circuit, interpreting California law, has held that this court is empowered to make a "determination of in personam legal rights, as opposed to the enforcement of any resulting judgment." Id. at 844. The court is aware of no other

---

[2] Defendants cite to three additional cases in which claims against defendants have been stayed following the start of liquidation proceedings. However, these decisions do not appear on either Westlaw or Lexis and only the third case was provided to the court. The first case appears to be an action in front of the New Jersey Department of Labor and Workforce Development, (Mot. to Stay at 15:6-9) and not a federal district court. The second case, Drazen v. Atlantic Mutual, arose in the Northern District of California. Upon review of the docket in that case, it appears that the stay order defendants reference in their motion, (Mot. to Stay at 15:10-12), was one sentence long and only applied a temporary stay. The parties settled the case after the stay expired.

controlling authority, nor have defendants provided any, that would require a permanent injunction under these circumstances.

Additionally, defendants' motion does not give an estimate of when liquidation proceedings will conclude.  Because it appears that defendants will be in liquidation proceedings for the foreseeable future, imposing a stay in this action would be the equivalent of imposing a permanent injunction.  The imposition of a Landis stay would therefore be inappropriate in this case because the liquidation proceedings will not conclude in a reasonable timeframe.  See Leyva, 593 F.2d at 864.  Accordingly, the court will deny defendants' motion to stay the proceedings.

IT IS THEREFORE ORDERED that defendants' motion to stay the proceedings be, and the same hereby is, DENIED.

DATED:   January 30, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE