UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DALE M. WALLIS, D.V.M., JAMES
L. WALLIS, and HYGIEIA
BIOLOGICAL LABORATORIES, INC.,
a California Corporation,

        NO. CIV. 08-02558 WBS GGH

     Plaintiffs,

  v.

        ORDER RE: MOTION FOR
        CERTIFICATION OF ORDER FOR
CENTENNIAL INSURANCE COMPANY,    APPEAL AND FURTHER SCHEDULING
INC., a New York corporation,   ORDER
ATLANTIC MUTUAL INSURANCE,
CO., INC., a New York
corporation,

     Defendants,
_____/

AND RELATED COUNTERCLAIMS AND
THIRD-PARTY COMPLAINT.
_____/

----oo0oo----

     Plaintiffs Dale M. Wallis, James L. Wallis, and Hygieia

Biological Laboratories Inc. brought this action against

defendants Centennial Insurance Company, Inc. and Atlantic Mutual

Insurance Co., Inc. alleging breach of insurance contract, breach

of the implied covenant of good faith and fair dealing, and

1

breach of fiduciary duty relating to plaintiffs' professional liability insurance policy.  The court held a Status Conference on April 30, 2012, in which counsel for both parties were in attendance.  Defendants now move for certification of the court's January 30, 2012, Order, denying defendants' motion to stay, for appeal pursuant to 28 U.S.C. § 1292(b).  (Docket No. 139.)

On December 19, 2011, defendants filed a motion to indefinitely stay the proceedings in this case pursuant to the Orders of Liquidation issued by the Supreme Court of the State of New York.  (Docket No. 130.)  In its January 30, 2012, Order, the court denied defendants' motion to stay this action pending the outcome of the liquidation proceedings in New York.  (Docket No. 136.)  In denying defendants' motion, the court relied upon the Ninth Circuit's opinion in Hawthorne Savings F.S.B. v. Reliance Insurance Co. of Illinois, 421 F.3d 835 (9th Cir. 2005), amended by 433 F.3d 1089 (9th Cir. 2006), which held that neither the Full Faith and Credit Clause of the Constitution nor the Uniform Insurers Liquidation Act ("UILA"), Cal. Ins. Code § 1064.1-.12, required that in personam proceedings against an insolvent insurance company be stayed pursuant to orders issued by a state court.  Three months later, on April 26, 2012, defendants filed their petition for a § 1292(b) certification of the court's January 30, 2012, Order.

Orders denying motions to stay are not ordinarily final decisions from which appeal may be taken under 28 U.S.C. § 1291.  See Mayacamas Corp. v. Gulfstream Aerospace Corp., 806 F.2d 928, 930 (9th Cir. 1986).  However, under 28 U.S.C. § 1292(b), "[w]hen a district judge, in making in a civil action an order not

2

1  otherwise appealable under [section 1292], shall be of the

2  opinion that such order involves a controlling question of law as

3  to which there is substantial ground for difference of opinion

4  and that an immediate appeal from the order may materially

5  advance the ultimate termination of the litigation, he shall so

6  state in writing in such order."  When the district judge so

7  states, it is then up to the Court of Appeals, in its discretion,

8  to determine whether to permit an appeal to be taken from that

9  order.  Id.

10        The court first considers the threshold issue of

11  whether the motion for certification of interlocutory appeal was

12  timely filed.  Appeals brought under 28 U.S.C. § 1292(b) must be

13  filed within ten days of the court's certification of the order

14  for interlocutory appeal.  "Though there is no specified time

15  limit for seeking certification, § 1292(b) provides for an

16  'immediate appeal,' and 'a district judge should not grant an

17  inexcusably dilatory request.'"  Spears v. Wash. Mut. Bank FA,

18  No. C-08-868 RMW, 2010 WL 54755, at *1 (N.D. Cal. Jan. 8, 2010)

19  (quoting Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.,

20  202 F.3d 957, 958 (7th Cir. 2000)).

21        "The ten-day limitation in section 1292(b) is not to be

22  nullified by promiscuous grants of motions to amend.  An

23  amendment that will have the effect of extending the limitation

24  is proper only if there is a reason for the delay."  Weir v.

25  Propst, 915 F.2d 283, 287 (7th Cir. 1990); see also Spears, 2010

26  WL 54755, a *2 (denying § 1292(b) certification where no reason

27  was provided for a two and a half month delay); A.H.D.C. v. City

28  of Fresno, No. CIV F 97-5498 OWW, 2003 WL 25948686, at *5 (E.D.

3

Cal. 2003) (dismissing certification requests as untimely because they were not filed within 30 days after the initial order was entered).

Defendants have provided no reason for their three month delay in seeking certification of the court's January 30, 2012, Order denying their motion to stay the proceedings.[1]  Given the lack of justification for their delay in seeking certification, the court denies the motion as untimely.

Furthermore, even if defendants had presented sufficient justification for their delay in filing the motion seeking certification, the court would have denied the motion on its merits.  A district court may certify an order for interlocutory appeal when the order: (1) involves a controlling question of law as to which (2) there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate outcome of the litigation.  28 U.S.C. § 1292(b); see also In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

First, in the court's experience, most orders from which a party may seek to take an interlocutory appeal involve a controlling question of law in the sense that deciding the issue in favor of the moving defendants would materially affect the outcome of the litigation.  In re Cement, 673 F.2d at 1026

---

[1]  Defendants' delay is especially notable due to the fact that they notified the court in their April 16, 2012, Joint Status Report that they intended to file the motion for certification "well in advance of the status conference." (Joint Status Report at 5:5-6 (Docket No. 138).)  Instead of immediately filing their motion, defendants further delayed and filed the motion only two court days before the scheduled status conference.

1  ("[A]ll that must be shown in order for a question to be

2  'controlling' is that resolution of the issue on appeal could

3  materially affect the outcome of litigation in the district

4  court." (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th

5  Cir. 1966) (per curiam))).  This case is no exception.  The

6  question of law raised by plaintiffs is whether the court is

7  bound by a New York state court order staying all judicial

8  proceedings involving defendants.  The appropriateness of a stay

9  in this action will materially affect the outcome because

10 defendants represent that a stay of several years would likely be

11 required, at which point defendants may no longer have any

12 remaining assets.

13          Second, in most seriously contested motions there is

14 also substantial ground for a difference of opinion.  Filing a

15 motion involves the expenditure of attorney time and client

16 resources.  Such motions are not generally pursued by competent

17 attorneys unless there is a substantial basis to believe they may

18 be granted.  The complexity of such motions is precisely why

19 courts write lengthy opinions explaining their decisions.  This

20 case, again, is no exception.  Defendants argue that several out-

21 of-state authorities support their interpretation that a stay is

22 required pursuant to UILA.  See, e.g., In re Ins. Affiliates,

23 Inc. v. O'Connor, 522 F. Supp. 703, 706 (D. Colo. 1981);

24 Integrity Ins. Co. v. Martin, 769 P.2d 69, 70 (Nev. 1989);

25 Vlasaty v. Avco Rent-A-Car Sys., Inc., 304 N.Y.S.2d 118, 120

26 (N.Y. S. Ct. 1969).

27          This is not a case, however, in which there is an

28 absence of controlling Ninth Circuit case law.  The court has

already undertaken a substantially similar analysis of the
likelihood of defendants' success on appeal in its Order denying
defendants' motion to stay.  The court's Order relies directly on
the Ninth Circuit's decision in <u>Hawthorne Savings</u>, in which the
Ninth Circuit decided a substantially similar motion.  Thus,
while there are grounds for disagreement, this is not a matter of
first impression in this circuit.

Third, whether an immediate appeal would materially
advance the ultimate outcome of this litigation usually depends,
of course, on whether the appeal is successful.  Defendants argue
that an immediate appeal from this court's Order "may" materially
advance the ultimate outcome of this litigation, but it is
unclear that would be the case.[2]  To the contrary, in this case,
it is denial of defendant's petition for an interlocutory appeal
that will most likely materially advance the ultimate outcome of
this litigation.  If the appeal is unsuccessful, there will be
further delay in litigating this matter.  If on the other hand
the appeal is successful, the effect will be to indefinitely stay
this action pending the outcome of the defendants' liquidation
proceedings in New York.  It is unclear at this time whether that
will terminate the matter or merely delay its resolution.[3]

But there is more to the analysis than that.  The

---

[2]    Defendants argue that a successful appeal "will
effectively bring to a close" this action.  (Pet. to Dist. Ct.
for § 1292(b) Certification at 12:1.)  Defendants motion to stay
may effectively close this case, however defendants would be
subject to additional litigation if and when plaintiffs move to
lift the stay.

[3]    It is similarly unclear whether appeal of the court's
Order would consume less litigation resources than proceeding
with this litigation.

1  Supreme Court has construed the 1958 amendments to § 1292(b) "to
2  confer on district courts first line discretion to allow
3  interlocutory appeals." Swint v. Chambers Cnty. Comm'n, 514 U.S.
4  35, 47 (1995).  The Ninth Circuit further tells us that § 1292 is
5  to be used "only in exceptional situations in which allowing an
6  interlocutory appeal would avoid protracted and expensive
7  litigation." In re Cement, 673 F.2d at 1026 (citing U.S. Rubber
8  Co., 359 F.2d at 785).  Such an exceptional situation does not
9  exist in this case because there is applicable Ninth Circuit
10  precedent and the appeal will fail to materially advance the
11  ultimate outcome of this matter.

12      Furthermore, the purpose of defendants' motion to stay
13  was to delay adjudication of this action.  If the court were to
14  certify the motion for interlocutory appeal and the matter were
15  to be stayed pending the outcome of the appeal, then defendants
16  would achieve their desired delay regardless of their success on
17  appeal.  The court is under an independent obligation to move its
18  calender forward and will not permit defendants to circumvent
19  this duty.  Accordingly, the court will deny defendants' motion
20  for certification of order for appeal.

21      At the Status Conference held on April 30, 2012,
22  plaintiffs requested that the court lift the stay over all claims
23  not subject to the court's April 16, 2009, Order compelling
24  arbitration, (Docket No. 41).  This stay was originally ordered
25  by the court pursuant to plaintiffs' motion to stay and
26  defendants' non-opposition to the motion.  (Docket No. 74.)
27  Because plaintiffs no longer wish the matter to be stayed pending
28  the outcome of the arbitration hearings, the court will lift the

1  stay.

2          IT IS THEREFORE ORDERED that defendants' motion for

3  certification of the court's January 30, 2012, Order for appeal

4  pursuant to 28 U.S.C. § 1292(b) be, and the same hereby is,

5  DENIED.

6          IT IS FURTHER ORDERED that the stay imposed by the

7  court's December 10, 2009, Order, (Docket No. 74), is hereby

8  lifted as to all claims not subject to the court's April 16,

9  2009, Order compelling arbitration.

10          The court's July 2, 2009, Scheduling Order, (Docket No.

11  53), is amended as follows: All discovery shall be completed by

12  September 28, 2012.  All pretrial motions shall be filed by

13  November 26, 2012.  The Final Pretrial Conference is RESET for

14  January 22, 2013, at 2:00 p.m. in Courtroom No. 5.  The trial is

15  RESET for February 20, 2013, at 9:00 a.m. in Courtroom No. 5.

16  DATED:  May 1, 2012

17

18  _____

19  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

8