IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE M. WALLIS, et al.,

      Plaintiffs,                    No. 2:08-cv-2558 WBS GGH

      vs.

CENTENNIAL INSURANCE COMPANY, INC., et al.,

      Defendants.               ORDER

         Previously pending on this court's law and motion calendar for November 1, 2012, was Defendants' motion to compel responses to interrogatories and request for production of documents.[1] Gary Selvin appeared for defendants; Joanna Mendoza represented plaintiffs. Having reviewed the papers in support of and in opposition to the motion, the court now issues the following order.

\\\\\

\\\\\

---

[1] Defendants had also requested a sixty day extension of discovery and motion filing cutoffs; however, that request was denied without prejudice to its renewal before the district court on October 11, 2012. (Dkt. no. 157.) Upon such renewed request, the discovery cutoff of September 28, 2012, was extended to November 27, 2012, by district court order on October 31, 2012. (Dkt. no. 167.)

1

BACKGROUND

Defendants insurers represented plaintiffs in an intellectual property dispute which was settled in 2009. At that time, these parties agreed to dismiss their claims against each other except for the attorneys' fee arbitration authorized under Cal. Civ. Code § 2860. Plaintiffs brought this action against the insurers for breach of insurance contract and breach of implied covenant of good faith and fair dealing and breach of fiduciary duty. Plaintiffs want reimbursement of fees and costs incurred by their attorney, Joanna Mendoza.

During the time defendants' interlocutory appeal was pending before the Ninth Circuit Court of Appeals, defendants propounded discovery of plaintiffs' attorney fee records. Plaintiffs' failure to respond to that discovery is the subject of defendants' motion. The subject of the appeal concerns defendants' argument that an order of liquidation issued by the Supreme Court of the State of New York, dated April, 2011, included an injunction against any actions against either insurer, and that the present action should be stayed.

On January 31, 2012, the district court denied defendants' motion to stay proceedings based on the New York court's orders, finding that state courts can not enjoin *in personam* proceedings in federal courts. The court further noted that since the liquidation proceedings in the New York state court could take years, a stay in this court would be in effect a permanent injunction. (Dkt. no. 136.)

On April 26, 2012, defendants filed a petition for certification under 28 U.S.C. §1292(b), of the court's January 31, 2012 order. The district court denied the request, finding the petition was not timely filed; however, the court found that even if it were to consider the merits, there was no absence of controlling Ninth Circuit law on the issue, there was no exceptional situation in this case to warrant an interlocutory appeal, and the purpose of defendants' motion to stay was to delay adjudication of this action. (Dkt. # 141.) On July 30, 2012, defendants appealed the district court's January 31st order denying the request for a stay. On August 8, 2012, the Ninth Circuit Court of Appeals issued an order directing defendants to either move for

voluntary dismissal of the appeal, or show cause why it should not be dismissed for lack of jurisdiction because the district court's order was not a final, appealable order, and because the appeal was untimely. (Defs.' RJN, Ex. A, Dkt. no. 149-10 at 2.) On August 9, 2012, defendants propounded the instant discovery on plaintiffs. On August 28, 2012, defendants filed a motion for voluntary dismissal of their appeal, which was granted on August 29, 2012. (Dkt. no. 146.) According to the date of service of the discovery, plaintiffs' responses were due on September 12, 2012. (Selvin Dec., ¶ 4.) Defendants asked plaintiffs for the responses at this time, and on September 13, 2012, plaintiffs responded that this court had no jurisdiction during the appeal, from July 31, 2012 to August 29, 2012, and therefore they were not required to respond. (Id., ¶¶ 5, 6, Ex. B.)

DISCUSSION

    I. Request for Judicial Notice

Defendants request that the court take judicial notice of court orders in this action, and orders of the Ninth Circuit Court of Appeals from the interlocutory appeal in this action.

Defendants' request for judicial notice is granted pursuant to Fed. R. Evid. 201, as they do not require the acceptance of facts "subject to reasonable dispute" and are capable of immediate and accurate determination by resort to a source whose accuracy cannot be reasonably questioned. See In re Tyrone F. Conner Corp., Inc., 140 B.R. 771, 781-82 (E.D. Cal. 1992); Fed. R. Evid. 201(b); Cal. ex. rel. RoNo, L.L.C. v. Altus Fin. S.A., 344 F.3d 920, 931 n. 8 (9th Cir. 2003). The court also takes notice of its own records in this action. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records).

    II. Defendants' Motion to Compel

Defendants move to compel production of responses to interrogatories, and responses to request for production of documents, as well as sanctions. A joint statement pursuant to E. D. Local Rule 251 was not necessary because there was a total failure to respond. Id., subd. (e).

1    Defendants argue that this court did not lose jurisdiction over the discovery phase
2 of this case during the appeal process, and plaintiffs' failure to respond constituted a waiver of
3 any objections.  Plaintiffs take the position that since discovery was served on them during the
4 time this court was divested of jurisdiction, the service of that discovery was not proper and no
5 response was necessary.

6    "An interlocutory appeal 'divests the district court of its control over those aspects
7 of the case involved in the appeal.'" U.S. v. W.R. Grace, 235 F.R.D. 692, 694 (D. Mont. 2006),
8 citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S.Ct. 400 (1982).  When an
9 appeal is filed, the district court is generally divested of jurisdiction over the matters appealed.
10 Davis v. United States, 667 F.2d 822 (9th Cir.1982).  Subsequent acts by the district court after it
11 is divested of jurisdiction are considered null and void.  Stewart v. Donges, 915 F.2d 572, 575
12 (10th Cir. 1990). "[W]hen an interlocutory appeal is taken, the district court [only] retains
13 jurisdiction to proceed with matters not involved in that appeal." Id. at 576, *quoting* Garcia v.
14 Burlington Northern R.R. Co., 818 F.2d 713, 721 (10th Cir.1987).

15    In this case, defendants' appeal is from the district court's denial of their request
16 for a stay of this action.  The district court had relied on Ninth Circuit authority to find that state
17 courts can not enjoin *in personam* proceedings in federal courts, and therefore this case could not
18 be stayed because it was an *in personam* action.  Therefore, the New York order enjoining cases
19 against these defendants in jurisdictions outside New York, was not binding on this court.  (Dkt.
20 no. 136 at 9.)  Since the subject matter of defendants' appeal of the district court's denial of stay
21 order seeks to affect the entire case, including discovery, this court was divested of jurisdiction
22 over the discovery matters at hand.  See Riggins v. City of Louisville, 2008 WL 4293652, *2 (D.
23 Colo. Sep. 16, 2008) (noting that court is divested of jurisdiction over discovery during appeal).

24    The question raised by plaintiffs is a more specific one: Whether the serving of
25 discovery during the appeal *by a party* period renders such service ineffective.  The court is
26 unaware of any authority on point.  It is a fair assumption that even though the court is divested

4

of jurisdiction, the parties may proceed with their case, despite the court's own lack of jurisdiction. Thus, defendants' service of discovery was effective. The duty to respond to such discovery, however, was tolled until the district court was re-invested with jurisdiction. Because the law does not provide a clear answer to this factual scenario, the court chooses not to penalize either party, but rather finds that the discovery was properly served, albeit during the appeal period, plaintiffs' duty to respond was tolled until August 29, 2012, when the appeal was dismissed, and the clock started running at that time. Defendants are not required to re-serve the discovery. Because plaintiffs' view of the law was not unreasonable on this point, they will not be penalized for assuming that the discovery propounded was null and void. Plaintiffs will be given the opportunity to file responses, which shall be made in good faith. Although the court finds that plaintiffs have not waived objections, blanket or boilerplate objections without explanation will not be permitted.

It should be noted that defendants' actions are viewed with disfavor -- taking an appeal on the one hand, while serving discovery during the appeal period in order to put plaintiffs to the task of responding, and all the while having argued that they were prohibited from participating in this case or in discovery, based on the New York court order. See Mendoza Decl., ¶ 2.[2]

As plaintiffs were substantially justified in their actions, defendants' request for expenses incurred in making this motion is denied.

Accordingly, IT IS ORDERED that:

1. Defendants' motion to compel responses to interrogatories and request for production of documents, filed October 9, 2012, (dkt. no. 149), is granted in part and denied in

---

[2] Ultimately, defendants determined on their own, without a court order being issued, that their interlocutory appeal was without jurisdiction being properly found in the appellate court. Defendants dismissed the appeal. The appropriate course of action would have been to figure out the jurisdictional issue sooner rather than later, and dismissing the appeal, prior to the propounding of discovery.

part.

    2. Plaintiffs shall respond to all discovery at issue within twenty-one (21) days of the November 1, 2012 hearing.

    3. Defendants' request for sanctions is denied.

DATED: November 6, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076:Wallis2558.mtc.wpd