IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE M. WALLIS, et al.,

    Plaintiffs,                         No. 2:08-cv-2558 WBS GGH

    vs.

CENTENNIAL INSURANCE COMPANY, INC., et al.,

    Defendants.                      <u>ORDER</u>

/

        Presently pending on this court's law and motion calendar for November 14, 2012, is plaintiffs' motion to deem admitted their requests for admissions ("RFAs"), set one, and for sanctions. The motion was originally filed on October 10, 2012 and noticed for hearing on November 1, 2012, but was vacated by order of October 30, 2012 for failure to file a joint statement in accordance with E. D. Local Rule 251. During a November 1, 2012 hearing on defendants' motion, the court re-set the hearing on plaintiffs' motion for November 14, 2012 and directed the parties to file a joint statement by November 12, 2012.[1]

\\\\\

---

[1] Plaintiff's counsel stated at hearing her view that no joint statement was necessary because her motion was one for sanctions, i.e., to have requests for admissions admitted because the stated objections were insufficient. However, the motion to address the sufficiency of objections to requests for admissions is a motion made pursuant to Fed. R. Civ. P. 36 (a)(6), not Rule 37. As such it is not a motion for "sanctions." In any event, once the undersigned stated in open court that a joint statement was necessary, that was the end of the matter concerning whether a joint statement was necessary.

1

Based on the parties' failure to comply with Rule 251, a situation which the undersigned finds more attributable to plaintiffs' counsel than defendants', plaintiffs' motion is vacated from the calendar for November 14, 2012.

As of Friday, November 9, 2012 at 5:00, when defendants filed objections to the November 14, 2012 hearing, plaintiffs had not submitted a completed joint statement to defendants (complete except for defendants' arguments). The incomplete statement was a skeletal introduction and reiteration of the discovery requests at issue – all of them. It is incomprehensible why plaintiffs' counsel did not simply make her argument in that incomplete draft joint statement sent to defendants on November 7, 2012, as the relevance and/or inability to respond issues are collective arguments that can be made to all outstanding RFAs. By not sending the complete statement on November 7th, plaintiff's counsel simply set up the scenario which allowed defendants to drag their feet again. Ms. Mendoza herself admitted in her e-mails to defendants that plaintiffs' position was essentially the same as set forth in their motion. That being the case, how hard would it have been to simply incorporate the arguments? To the extent that plaintiffs had something else to add to their argument, Ms. Mendoza set up a situation where she, as counsel for the moving party, could get to wait to make her argument after seeing defendants' response, which is not appropriate. Finally, it should be noted that at the November 1st hearing pertaining to scheduling of this matter, defendants requested a date certain for the transmission of the joint statement from plaintiffs to them, but Ms. Mendoza stated that such was not necessary and she would get the statement to defendants in plenty of time. As a result, plaintiffs have now filed a "joint statement" which contains no complete-in-itself argument by plaintiffs or defendants.

Defendants' objections, on the other hand, are quite possibly a passive aggressive response to the district court's order refusing to stay the action because of the liquidation activities in New York. Any argument that defense counsel may not be able to find someone on behalf of the client to respond to discovery is questionable in light of the fact that this discovery

was first propounded sometime before July 30, 2012,[2] long before Super Storm Sandy arrived on the scene, and defense counsel is presumably being compensated, so there must be someone in charge of the "liquidating" insurance companies.  However, whether or not the defendants' arguments are well taken or simply a stall tactic, the court's order for a joint statement was not to be ignored.

        Accordingly, IT IS ORDERED that:

        1.  Plaintiffs' motion to deem admitted their requests for admissions ("RFAs"), set one, and for sanctions, filed October 10, 2012, (dkt. no. 150), is VACATED; and

        2.  The hearing on plaintiffs' motion is VACATED from the calendar for November 14, 2012.

DATED: November 13, 2012

        /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH:076:Wallis2558.vac.wpd

---

[2] Plaintiffs' motion sets forth a convoluted procedural history and does not state when this discovery was propounded, but does state that defendants received the RFAs on July 30, 2012.  (Dkt. no. 151 at n. 3.)