IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES LUARD WALLIS, *et al.*,

    Plaintiffs,

vs.

CENTENNIAL INS. CO., *et al.*,

    Defendants.

No. CIV 2:08-cv-2558 WBS AC

ORDER

/

Pending before the court is plaintiffs Hygieia Biological Laboratories, Dale M Wallis, and James Luard Wallis's ("plaintiffs") December 6, 2012 ex parte application to extend discovery cut-off dates. Defendants Atlantic Mutual Insurance, Co., Inc. and Centennial Insurance Co., Inc ("defendants") oppose the plaintiffs' request in part. On review of plaintiffs' application, defendants' opposition, the history of this case, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action on October 27, 2008 alleging damages arising from defendant insurance companies' refusal to pay defense fees and costs in connection with an underlying intellectual property action.

1

On July 2, 2009, the Honorable William B. Shubb issued a scheduling order setting February 8, 2010 as the discovery deadline and scheduling a jury trial for July 27, 2010. See Doc. No. 53.

On September 16, 2010, defendants were placed into Rehabilitation status by the Superintendent of Insurance of the State of New York. See Doc. No. 122. Per the Order of Rehabilitation issued by the New York Supreme Court, both insurance companies were deemed insolvent and a stay was imposed for a period of 180 days in all actions and lawsuits in which defendants were obligated to defend a party pursuant to an insurance policy.

On April 27, 2011, the Supreme Court of the State of New York issued Orders of Liquidation for both defendant insurance companies, replacing the Rehabilitation Orders previously issued. Pursuant to Sections 6 and 7 of the liquidation orders, the state court stated that "All persons are enjoined and restrained from commencing or prosecution any actions" against defendants, and "are enjoined and restrained from obtaining preferences, judgments, attachments or other liens, or making any levy" against defendants.

On December 19, 2011, defendants filed a motion to stay this case in light of the liquidation proceedings in the New York state court. Doc. No. 130. Therein, defendants made a number of arguments in support of their motion, including the argument that participation in this case would render them in violation of Sections 6 and 7 the liquidation orders. Id. at 17-20.

On January 31, 2012, Judge Shubb denied defendants' motion to stay on the ground that state courts cannot enjoin in personam proceedings in federal court. Doc. No. 136.

On April 26, 2012, defendants filed a petition for certification under 28 U.S.C. § 1292(b) of Judge Shubb's January 31, 2012 order. Doc. No. 139.

On May 1, 2012, Judge Shubb denied defendants' request for certification both as untimely and on the merits. Doc. No. 141. Judge Shubb then lifted the stay in this case and issued a new scheduling order, setting September 28, 2012 as the date by which all discovery should be completed and February 20, 2013 as the new trial date.

On July 25, 2012, nearly three months after Judge Shubb lifted the stay in this case, plaintiffs propounded requests for admissions, the only discovery that they have propounded on the defendants in this case.[1]

On July 30, 2012, defendants appealed Judge Shubb's January 31, 2012 order to the Ninth Circuit Court of Appeals.  See Doc. No. 142.  One month later, on August 28, 2012, defendants filed a motion for voluntary dismissal of their appeal, which was granted by the appellate court on August 29, 2012.  See Doc. No. 146.

On August 9, 2012, during the pendency of the appeal to the Ninth Circuit, defendants propounded interrogatories, requests for admissions, and requests for production of documents.

On September 28, 2012, the parties filed a stipulation to extend the discovery cut-off date as related to the depositions of plaintiff Dr. Wallis and plaintiffs' counsel, who were unavailable on the dates that defendants noticed their depositions.  Doc. No. 148.  This stipulation was signed by Judge Shubb on October 1, 2012.  Doc. No. 149.

On October 9, 2012, defendants filed a motion to compel and a request for a 60-day extension of time to conduct discovery.  Because this motion was filed after the November 27, 2012 discovery cut-off, the Honorable Gregory G. Hollows[1] denied the motion without prejudice to its renewal should defendants secure an extension of time before Judge Shubb.  Doc. No. 157.

The defendants then filed a request before Judge Shubb for a continuance of the discovery deadline.  By order dated October 29, 2012, discovery was continued to November 27, 2012 and the deadline for filing dispositive motions was extended to January 25, 2012.  Judge Shubb also vacated the pretrial conference and trial dates and set a scheduling conference for

---

[1] Plaintiff have issued subpoenas directed at two law firms associated with defendants, including the law firm representing the defendants in this action, Selvin Wraith Halman LLP.

[1] This case was reassigned to the undersigned on November 19, 2012.  Doc. No. 178.

3

January 7, 2013 to new set dates for the pretrial conference and trial.  The parties are to file a joint status report two weeks before that date – that is, on or before December 24, 2012.

On December 6, 2012, plaintiffs filed the instant motion.  Defendants oppose the motion in part.

DISCUSSION

The parties have been in discussion regarding the latest continuance of the discovery deadline.  Based on the briefs filed here, the parties agree that the November 27, 2012 discovery deadline should be extended to March 15, 2013.  They also agree that, at a minimum, the discovery extension should apply to all outstanding discovery and previously agreed-upon discovery initiated before the November 27, 2012 deadline.  The outstanding discovery includes: (1) the depositions of plaintiffs and plaintiffs' co-counsel, including Joel Baiocchi, who has already undergone extensive heart surgery and is scheduled for a second surgery in February 2013; (2) defendants' alleged failure to comply with Rule 26's initial disclosure requirements; (3) subpoenas served on the law firms Selvin Wraith Halman LLP and Longyear O'Dea, to which Selvin Wraith has asserted attorney-client privilege; and (4) the entry of a protective order.  The previously-initiated discovery includes plaintiff's July 25, 2012 requests for admissions, and defendants' August 9, 2012 interrogatories, requests for admissions, and requests for production of documents.

There remains a dispute, however, as to the scope of the discovery.  Whereas defendants argue that discovery should be limited to that identified above – that is, outstanding discovery and discovery initiated before the November 27, 2012 deadline – plaintiffs seek to reopen discovery in its entirety.  Plaintiffs argue that they have only issued requests for admissions in this case in reliance upon the defendants' repeated representations that they are unable to participate in this litigation for fear that such participation case would render them in violation of the New York state court's liquidation orders.  Defendants counter that plaintiffs "elected to play a risky game by choosing to not propound discovery."  Defs.' Opp'n at 5.

The court is now tasked with determining whether plaintiffs' reliance on defendants' representations entitles them to relief. While the court again notes its disfavor of defendants' litigation tactics, which include their service of discovery requests during the pendency of an appeal and while arguing that they were prohibited from participating in discovery, the court nonetheless finds that plaintiffs indeed played a risky game by not propounding more discovery, especially after their receipt of defendants' discovery requests on August 9, 2012. At that time, the discovery cut-off date was September 28, 2012. Thus, as soon as the Ninth Circuit dismissed defendants' interlocutory appeal on August 29, 2012, plaintiffs could have propounded more discovery. Plaintiffs, however, did not serve additional discovery on defendants, and there is nothing in the record from which the court can find that plaintiffs were precluded from doing so. Therefore, to the extent plaintiffs' failure to serve additional discovery was based on the defendants' representations that they could not participate in discovery in this case, such reliance should have been extinguished once defendants propounded discovery on August 9, 2012.

For these reasons, IT IS HEREBY ORDERED that plaintiffs' ex parte application is granted in part. The discovery deadline in this case is extended to March 15, 2013 based on the agreement of the parties. The scope of discovery is limited to all outstanding discovery and discovery initiated prior to the November 27, 2012 deadline. Any relief from this order and/or requests for an extension of time to file dispositive motions shall be set forth in the joint status report due to Judge Shubb two weeks before the January 7, 2013 scheduling conference.

DATED: December 10, 2012.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;wall2558.extend_disc