IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES LUARD WALLIS, *et al.*,

    Plaintiffs,　　　　　　　　　No. 2:08-cv-2558 WBS AC

  vs.

CENTENNIAL INS. CO., *et al.*,

    Defendants.　　　　　　　　　ORDER
_____/

       On February 6, 2013, the court held a hearing on plaintiffs' motion to compel admissions. Joanna Mendoza appeared for plaintiffs. David A. Evans appeared for defendants Centennial Insurance Company and Atlantic Mutual Insurance Company. On review of the Joint Statement re Discovery Disagreement ("JSDD") and on hearing the arguments of counsel, THE COURT FINDS AND ORDERS AS FOLLOWS:

            RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.    <u>Introduction</u>

       Defendants issued a general liability insurance policy to plaintiff Dr. Dale M.

Wallis effective from January to December 1989.[1]  Beginning in 1983, Dr. Wallis was involved in litigation over intellectual property rights to a bovine vaccine she had developed while working for Poultry Health Laboratories ("PHL").  Several lawsuits followed, one of which involved Dr. Wallis and PHL in a dispute over rights to sell or market the vaccine.  Part of that lawsuit involved a cross-claim by PHL against Dr. Wallis ("the PHL cross-action").  Dr. Wallis tendered the cross-action to defendants for defense and indemnity.  Defendants accepted the tender of the claim subject to a full reservation of rights to deny coverage should additional facts so warrant.  This reservation of rights triggered Dr. Wallis's right to Cumis[2] counsel that defendants were required to pay.  Joanna Mendoza[3] was chosen by plaintiffs as their Cumis counsel.  The defense of the PHL cross-action proceeded for years until a dispute developed over the payment of Ms. Mendoza's bills.

In response to the defendants' allegedly improper actions related to the PHL cross-action, plaintiffs filed suit in this court on October 27, 2008 for declaratory relief, breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and injunctive relief.  Defendants filed a counter-claim seeking declaratory relief, ECF No. 9, and moved to arbitrate the fee claim as required under California Civil Code § 2860.[4]  This motion was granted by the Honorable William B. Shubb on April 16, 2009.  ECF No. 41.

B.   Defendants' Placement in Liquidation Proceedings

On September 14, 2010, defendant insurance companies were deemed insolvent

---

[1] Whether both defendants or only Centennial Insurance Company issued the insurance policy to plaintiffs is a matter at issue both in the instant dispute and in defendants' December 20, 2012 motion for judgment on the pleadings.

[2] San Diego Navy Federal Credit Union v. Cumis Insurance Society, Inc., 162 Cal. App. 3rd 358 (Cal. Ct. App. 1984).  A Cumis counsel is an attorney employed by a defendant in a lawsuit when there is an insurance policy supposedly covering the claim, but there is a conflict of interest between the insurance company and the insured defendant.

[3] Ms. Mendoza is plaintiffs' counsel in this action.

[4] Statute codifying the Cumis decision.

1  by a New York state court and placed in rehabilitation proceedings. ECF No. 122. In light of
2  this placement, Judge Shubb temporarily stayed this action. See ECF Nos. 124-25.

3  On April 27, 2011, the New York state court issued an Order of Liquidation for
4  both of the defendant insurance companies. ECF No. 126, Exs. 1-1. On December 19, 2011,
5  defendants moved for a permanent stay of this action based on the New York state court's
6  Orders of Liquidation that enjoined all legal actions against defendants. ECF No. 130. Judge
7  Shubb denied this request on January 31, 2012. ECF No. 136.

8  On May 1, 2012, Judge Shubb lifted the temporary stay over the objection of the
9  defendants and issued a scheduling order. ECF No. 141.

C. The Settlement Agreement and Motion to Enforce Settlement Agreement

As noted supra, Judge Shubb ordered the issue of the amount of attorneys' fees allegedly owed to Cumis counsel to be arbitrated. On July 20, 2009, the parties participated in a mediation in the underlying PHL cross-action during which they purportedly entered into a handwritten agreement to settle the remaining claims in this action, including cross claims and counterclaims. See ECF No. 75.

On December 22, 2009, plaintiffs filed a motion to enforce settlement agreement, which Judge Shubb denied on January 10, 2010 after representations from defense counsel that the papers to dismiss all of the claims in this action except for the claim regarding attorneys' fees were being finalized. These papers were in fact never finalized and it appears settlement discussions broke down.

On April 22, 2010, defendants filed a motion to enforce the handwritten settlement agreement, which, per defendants, constituted a dismissal of the entire federal action, leaving only the arbitration to proceed. See ECF No. 93. Plaintiffs opposed this motion on the ground that the settlement agreement did not dismiss the federal action, but only those claims not previously ordered to arbitration.

On June 25, 2010, Judge Shubb denied defendants' motion for the reason that it

3

1 was impossible to determine whether the handwritten agreement was intended to be a completed

2 agreement instead of an "agreement to agree" and because it was obvious that the parties no

3 longer agreed to the terms of the settlement agreement. ECF No. 120.

D. <u>The Instant Discovery Dispute</u>

On July 25, 2012, plaintiffs served Requests for Admissions ("Requests") on defendants Centennial Insurance Company and Atlantic Mutual Insurance Company.

On August 27, 2012, defendant Centennial Insurance Company responded to each of the 88 Requests directed to it as follows:

> Centennial cannot admit or deny this Request because Centennial is in liquidation proceedings under the control of the New York Liquidation Bureau pursuant to an Order of the New York Supreme Court dated April 27, 2011, and therefore no longer has any personnel who could so admit or deny this Request. Centennial is undertaking a reasonable, diligent inquiry to obtain information sufficient to allow Centennial to respond. Centennial objects that this Request is irrelevant because Plaintiffs agreed in writing, executed by themselves and their chosen representatives, to dismiss all claims against Centennial in exchange for payment of $2,000,000, which payment has been made. The sole exception to the agreement to dismiss all claims is a fee dispute subject to arbitration outside of this tribunal. In the event that Plaintiffs dispute that they agreed to dismiss all claims against Centennial in exchange for the payment of $2,000,000 which underlying cross-complainants have already received, Centennial reserves the right to initiate a separate action, or move to amend the instant action, to assert a claim of fraud against Plaintiffs and their counsel.

JSDD at 18-20.

On August 27, 2012, Defendant Atlantic Mutual Insurance Company responded to the same 88 Requests as follows:

> Atlantic Mutual cannot admit or deny this Request because Atlantic Mutual is in liquidation proceedings under the control of the New York Liquidation Bureau pursuant to an Order of the New York Supreme Court dated April 27, 2011, and therefore no longer has any personnel who could so admit or deny this Request. Atlantic Mutual is undertaking a reasonable, diligent inquiry to obtain information sufficient to allow Atlantic Mutual to respond. Atlantic Mutual objects that this Request is irrelevant because Atlantic Mutual did not issue an insurance policy to Plaintiffs and

> therefore owes no obligations to Plaintiffs. Atlantic Mutual objects further that this Request is irrelevant because, to the extent Plaintiffs seek to hold Atlantic Mutual responsible for the purported obligations of co-defendant Centennial Insurance Company ("Centennial"), Plaintiffs agreed in writing, executed by themselves and their chosen representatives, to dismiss all claims against Centennial in exchange for payment of $2,000,000, which payment has been made. The sole exception to the agreement to dismiss all claims is a fee dispute subject to arbitration outside of this tribunal. In the event that Plaintiffs dispute that they agreed to dismiss all claims against Centennial in exchange for the payment of $2,000,000 which underlying cross-complainants have already received, Atlantic Mutual reserves the right to initiate a separate action, or move to amend the instant action, to assert a claim of fraud against Plaintiffs or their counsel.

See JSDD at 18-20.

On October 10, 2012, plaintiffs filed a "motion for sanctions to deem defendants' failure and refusal to admit or deny as admissions, to determine the sufficiency of objections, and to award sanctions pursuant to Federal Rules of Civil Procedure 26(g) and 37(a)(5)." ECF No. 150. This motion was denied twice by the former magistrate judge assigned to this case on the ground that the parties failed to file a joint discovery statement in violation of court order and because the motion was scheduled to be heard after the discovery deadline. See ECF Nos. 175, 177. This matter is now properly before the court and the parties have filed a joint discovery statement. ECF No. 197.

## DISCUSSION

A.  Legal Standards

Pursuant to Federal Rule of Civil Procedure 36, a party's answer to a request for admission must specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualified or deny the remainder. Fed. R. Civ. P. 36. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states

that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to either admit or deny. Id.

On receipt of an objection, "[t]he requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. . . ." Fed. R. Civ. P. 36(a)(6).

Once admitted due to (1) a complete failure to respond, (2) untimeliness, or (3) insufficiency, an admission cannot be amended or withdrawn except by leave of court. Fed. R. Civ. P. 36(b); 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985).

B.  Defendants' Objections to the Requests

   1.  Defendants' Status in Liquidation Proceedings

Defendants first object to the Requests on the ground that, as entities in liquidation proceedings, they do not employ any personnel who could admit or deny the Requests. Generally, the New York Superintendent of Insurance, "[w]hen acting as statutory liquidator of an insolvent insurer, . . . is essentially a court-appointed private trustee who for all practical purposes takes the place of the insolvent insurer and stands in its shoes." Matter of Idea Mut. Ins. Co., 532 N.Y.S.2d 371, 374 ( N.Y. 1988). "For purposes of litigation the receiver ordinarily stands in the place of the company. As a general rule, he or she may bring or *defend* any action that the company could have maintained or defended." Francis C. Amendola, et al., 44 C.J.S. *Insurance* § 236 (internal citations omitted) (emphasis added). Accordingly, the Superintendent of Insurance stands in the shoes of the defendant insurance companies here and, absent a stay, possesses the same duty to defend this action as did the defendants.

The Superintendent of Insurance, then, as the responding party to the Requests, is required under Rule 36 to make a reasonable inquiry to secure information that is readily obtainable from persons and documents within the responding party's relative control and to

state fully those efforts.  Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1242, 1245 (9th Cir. 1982).  Reasonable inquiry includes an investigation and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response."  The inquiry may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties. . . .  The operative words then are "reasonable" and "due diligence."  Henry v. Champlain Enter., Inc., 212 F.R.D. 73, 78 (N.D.N.Y. 2003) (citations omitted); T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997); Herrera v. Scully, 143 F.R.D. 545, 548 (S.D.N.Y. 1992).

In the JSDD, defendants state that "while ex-employees and third parties may have knowledge and could, if subpoenaed, testify to the subjects of the requests for admissions, Defendants properly state their inability to attest to the requests for admissions as they lack knowledge of facts to admit or deny them."  Yet nowhere in their responses to the Requests have defendants stated, pursuant to Rule 36, that they made a reasonable inquiry or put in a reasonable effort to locate those persons who do have knowledge of facts to admit or deny.  Defendants' failure to do so is insufficient under Rule 36.

Finally, in the JSDD, defendants state their intent to amend their responses to the Requests.  As plaintiffs correctly point out, "[i]f the Defendants are going to provide further responses, they would have to change [their] position and acknowledge that some agent or representative of the Defendants remains to have engaged in a good faith investigation in order to admit, deny or to be unable to admit or deny only after a good faith investigation was undertaken."  JSDD at 21.  And in fact, on February 4, 2013 – two days before the hearing on plaintiffs' motion, four months after plaintiffs' motion was first filed, and six months after the Requests were first propounded – defendants "served" supplemental responses to the Requests via email on plaintiffs' counsel (plaintiffs have not agreed to service by email).  Those amended responses are not before the court, and the propriety of their service is suspect.

When asked to explain at the February 6, 2013 hearing why the defendants have now decided to submit amended responses to the Requests, counsel stated simply that the New York Liquidation Bureau's understanding of this case has changed based on rulings issued by Judge Shubb and the undersigned. Since the Requests were first served on defendants on July 25, 2012, the following orders issued from this court: (1) on October 1, 2012, Judge Shubb adopted the parties' stipulation to move the depositions of Joel Baiocchi and Dr. Wallis, see ECF No. 148; (2) on October 11, 2012, Magistrate Judge Gregory G. Hollows, the former magistrate judge assigned to this case, denied without prejudice defendants' request to extend discovery and motion deadlines, ECF No. 157; (3) on October 26, 2012, Judge Shubb denied plaintiffs' motion to move discovery motions to his calendar from the calendar of the magistrate judge, ECF No. 164; (4) on October 31, 2012, Judge Shubb granted defendants' request for a sixty-day extension of the discovery and dispositive motion deadlines, ECF No. 167; (5) on November 7, 2012, Magistrate Judge Hollows granted in part defendants' motion to compel, ECF No. 170; (6) on November 13 and 15, 2012, Magistrate Judge Hollows vacated plaintiffs' motion to deem admitted the Requests for Admissions, ECF Nos. 175, 177; (7) on December 11, 2012, the undersigned granted in part plaintiffs' ex parte application to extend discovery, ECF No. 182; (8) on January 3, 2012, Judge Shubb reset this matter for trial, ECF No. 189; and (9) on February 1, 2013, the undersigned granted in part defendants' motion to quash and motion for protective order, ECF No. 198. How any of these orders could have altered the New York Liquidation Bureau's understanding of the nature of its obligation in defending this case remains unclear.

This objection is therefore overruled.

b. <u>Relevance and the Settlement Agreement</u>

Defendants next object to the relevance of the Requests by referencing the parties' handwritten settlement agreement, under which they claim they have substantially performed, and threaten to initiate a fraud action against plaintiffs because of the breadth of the Requests. Plaintiffs, on the other hand, assert that Judge Shubb previously ruled that the

8

handwritten settlement agreement is unenforceable.  They also argue that defendants are attempting to re-litigate here the merits of their motion to enforce the settlement agreement.

Plaintiffs' point is well-taken.  Because Judge Shubb undeniably held that the handwritten settlement agreement is unenforceable, defendants' reliance on that settlement agreement as a defense to the Requests is improper.  Additionally, insofar as defendants are attempting to re-litigate the merits of their motion to enforce settlement or attempting to argue that the settlement agreement is enforceable under a new theory (i.e., substantial performance), it should come as no surprise to them that, unless and until Judge Shubb rules that the parties' handwritten settlement agreement amounts to an enforceable agreement, the undersigned will not give weight to this objection.  Therefore, defendants' relevancy objections are overruled.

         c.      <u>Proper Party Defendant</u>

Lastly, defendant Atlantic Mutual argues that it is not a proper party defendant because it did not issue the insurance policy to plaintiffs.  On December 20, 2012, Atlantic Mutual filed a motion for judgment on the pleadings, which is scheduled to be heard before Judge Shubb on February 25, 2013.  Whether Atlantic Mutual is a proper party to this case is not an issue that can be decided at this posture.  However, if it is Atlantic Mutual's position that it is not a proper party, then Atlantic Mutual's denial for lack of sufficient knowledge, information, or belief to admit or deny was proper.  This objection is sustained.

      3.      <u>Plaintiffs' Request for Sanctions</u>

Plaintiffs seek recovery of some or all of their attorneys' fees associated with this dispute.  Plaintiffs seek $6,500.00.  Plaintiffs admit, however, that they did not meet and confer with defendants prior to the hearing on this motion because they determined that any such efforts would prove futile.  <u>See</u> JSDD at 2.  Pursuant to Local Rule 251(b), "Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." Futility is not an exception to the meet and confer requirement.  Furthermore, "[f]ailure of

9

counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." <u>See</u> Local Rule 110.  Because plaintiffs did not meet and confer with defendants as required by Local Rule 251(b), plaintiffs' request for sanctions will be denied.

Based on the foregoing, IT IS HEREBY ORDERED that plaintiffs' motion to deem its Requests for Admissions, Set One, admitted is granted in part.  Defendants shall file supplemental responses consistent with this order within fourteen days of the date of this order.  Plaintiffs' request for sanctions is denied.

DATED: February 11, 2013.

                                         /s/ Allison Claire
                                         ALLISON CLAIRE
                                         UNITED STATES MAGISTRATE JUDGE

/mb;wall2528.disc(RFA).v2