UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC., a California Corporation,<br><br>       Plaintiffs,<br><br>   v.<br><br>CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, ATLANTIC MUTUAL INSURANCE, CO., INC., a New York corporation,<br><br>       Defendants,<br>_____/<br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT.<br>_____/ | NO. CIV. 08-02558 WBS GGH<br><br>ORDER RE: RECONSIDERATION OF MAGISTRATE JUDGE'S RULING |

----oo0oo----

        On February 22, 2013, counsel for plaintiffs filed a motion seeking reconsideration of part of an order issued by the assigned magistrate judge on February 11, 2013, (Docket No. 204). (Docket No. 210.) Magistrate rulings on nondispositive motions are reviewed by courts under the "clearly erroneous or contrary

1

to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).  <u>See</u> Fed. R. Civ. P. 72(a); E.D. Cal. L.R. 303(f); <u>see also</u> <u>Computer Econs., Inc. v. Gartner Group, Inc.</u>, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999).

   The magistrate judge's order sustaining Atlantic Mutual's objection that it was not a proper party was supported by applicable legal standards.  The court notes that its February 28, 2013 Order dismissed all of plaintiffs' claims against Atlantic Mutual for failure to state a claim.  (<u>See</u> Feb. 28, 2013 Order (Docket No. 212).)  Neither was the magistrate judge's determination that defendants should be given a chance to file supplemental responses rather than have plaintiffs' Requests be deemed admitted contrary to the applicable legal standards.  Under Rule 36(a)(6), when the court finds that an answer is insufficient it may <u>either</u> deem the matter admitted or order that an amended answer be served.  Fed. R. Civ. Pro. 36(a)(6).  Thus, declining to give plaintiffs their preferred relief--deemed admission--was not contrary to law.

   The magistrate judge appears to have erred, however, in finding that the parties failed to meet and confer, a prerequisite to awarding sanctions for discovery disputes under Rule 37.  <u>See</u> Fed. R. Civ. Pro. 37(5)(c). According to the parties' Joint Statement Re: Discovery Dispute, (Docket No. 197), efforts to meet and confer were attempted in November and December of 2012.  (J. Statement at 2-7.)  Nonetheless, when a discovery motion is granted in part and denied in part, the court has discretion to award sanctions under Rule 37 after an opportunity to be heard.  Fed. R. Civ. Pro. 37(a)(5)(B).  Here,

2

notwithstanding the parties' minimal efforts to meet and confer, the court does not find that sanctions are warranted here. Accordingly, plaintiffs' motion for reconsideration will be denied.

        IT IS THEREFORE ORDERED that plaintiffs' motion for reconsideration be, and the same hereby is, DENIED.

DATED  March 1, 2013

        WILLIAM B. SHUBB
        UNITED STATES DISTRICT JUDGE