UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC., a California Corporation,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, and ATLANTIC MUTUAL INSURANCE, CO., INC., a New York corporation,<br><br>　　　Defendants,<br>_____/<br><br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT.<br>_____/ | NO. CIV. 2:08-02558 WBS GGH<br><br>ORDER |

----oo0oo----

　　　All the parties have filed objections (See Docket Nos. 234, 235, 238.) the Final Pretrial Order ("Order"), (Docket No. 233), filed in this case on August 7, 2013.

1

I.   <u>Defendants' Objection to the Final Pretrial Order</u>

       Pursuant to defendants request, the Order is amended such that no later than seven <u>calendar</u> days before the trial date, counsel for each party shall file trial briefs pursuant to Local Rule 16-285.

II.  <u>Third-Party Defendant Mendoza's Objections to the Order</u>

       Pursuant to defendant Mendoza's objection, the Order is amended to add as Mendoza's exhibits those documents listed on pages 14-15 of her Objections and Requests for Modification to the Court's Final Pretrial Order.  (TPD's Objections at 14:28-15:26 (Docket No. 235).)  Mendoza's exhibits shall bear numbers, commencing with the first number not used by plaintiffs.  All issues raised in defendant Mendoza's objections that have not been ruled upon in prior orders will be dealt with at the time of trial.

III. <u>Plaintiffs' Objections to the Order</u>

    A.   <u>Bond</u>

       Even if defendants were required to post a bond pursuant to sections 1616 <u>et seq.</u> of the California Insurance Code by virtue of becoming insolvent during this action, plaintiffs' request, on the eve of trial, is untimely.  By May 1, 2012, plaintiffs knew that the court would not stay this case because of defendants' liquidations.  (<u>See</u> May 1, 2012 Order (Docket No. 141).)  On that same date, the court also lifted the stay over all claims not subject to arbitration.  (<u>Id.</u> at 8:6-9.)  Plaintiffs have since allowed the case to proceed for over a year without any request for a bond.  They provide no explanation as

2

to why they waited until this late date to request a bond.[1]  The bond request also remains insufficiently documented.

     B.   <u>Default of Atlantic Mutual</u>

Plaintiffs' request for a hearing before trial on the issue of Atlantic Mutual's default is also untimely.  Plaintiffs did not raise the issue of Atlantic Mutual's failure to file a timely answer at the pretrial conference held on August 5, 2013.  At that time, the answer was already late.  Immediately after plaintiffs raised the issue in their objections to the Order, Atlantic Mutual filed its answer.  (<u>See</u> Docket No. 239.)  Counsel for Atlantic Mutual states that the failure to file the answer by August 2, 2013 was a mistake.  (Evans Decl. ¶ 10 (Docket No. 239-2).)

As it appears that there will be no prejudice to plaintiffs because the answer was eleven days late, the court denies plaintiffs' request for a hearing on whether default should be entered as to Atlantic Mutual.

IT IS SO ORDERED.

DATED: August 16, 2013

                                WILLIAM B. SHUBB
                                UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs now object to Atlantic Mutual filing an answer to the First Amended Complaint without first posting a bond.  They made no such objection when Centennial filed its answer to the First Amended Complaint on April 18, 2013.  (<u>See</u> Docket No. 218.)

3