1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

12   DALE M. WALLIS, D.V.M., JAMES L.      CIV. NO. 08-2558 WBS AC
     WALLIS, and HYGIEIA BIOLOGICAL
13   LABORATORIES, INC., a California
     Corporation,
14
                                           MEMORANDUM AND ORDER RE:
15             Plaintiffs,                 MOTION TO AMEND JUDGMENT AND
                                           BILL OF COSTS
16        v.

17   CENTENNIAL INSURANCE COMPANY,
     INC., a New York Corporation,
18   and ATLANTIC MUTUAL INSURANCE
     CO., INC., a New York
19   Corporation,

20             Defendants,

21   AND RELATED COUNTERCLAIMS AND
     THIRD PARTY COMPLAINT.
22

23                        ----oo0oo----

24        On November 12, 2013, this court entered judgment in

25   favor of defendants Centennial Insurance Company, Inc., and

26   Atlantic Mutual Insurance Company, Inc., after a nine-day bench

27   trial.  Plaintiffs Dale M. Wallis, D.V.M. ("Dr. Wallis"), James

28
                                    1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

L. Wallis ("Mr. Wallis"), and Hygieia Biological Laboratories, Inc. ("Hygieia") now move the court to amend its findings or make additional findings pursuant to Federal Rule of Civil Procedure 52(b) and to alter and amend the judgment pursuant to Rule 59(e). (Docket No. 271.)

I.   Factual and Procedural Background

        This action arises out of defendants' alleged wrongdoing in defending Dr. Wallis under a professional liability insurance policy.  After plaintiffs filed their Complaint, defendants subsequently filed a counterclaim against plaintiffs and a third party complaint ("TPC") against plaintiffs' attorney, Joanna Mendoza.  Following a bench trial, the court ruled that: (1) plaintiffs had failed to prove by a preponderance of evidence their claims for breach of contract and breach of the implied covenant of good faith and fair dealing; (2) defendants had failed to prove by a preponderance of evidence their counterclaim for declaratory relief against plaintiffs and their TPC against Mendoza; and (3) defendants were entitled to judgment in the amount of $115,995.90 on their counterclaim for indemnity against plaintiffs.  Wallis v. Centennial Ins. Co., --- F. Supp. 2d. ----, Civ. No. 08-2558 WBS AC, 2013 WL 6000974, at *1-16 (E.D. Cal. Nov. 12, 2013).

II.  Motion to Amend

        Rule 52(b) provides, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly."  Fed. R. Civ. P. 52(b).  "Motions

2

under Rule 52(b) are primarily designed to correct findings of fact which are central to the ultimate decision; the Rule is not intended to serve as a vehicle for a rehearing." <u>Crane-McNab v. County of Merced</u>, 773 F. Supp. 2d 861, 873 (E.D. Cal. 2011) (Shubb, J.) (citing <u>Davis v. Mathews</u>, 450 F. Supp. 308, 318 (E.D. Cal. 1978)).  Therefore, "[a] motion to amend a court's factual and legal findings is properly denied where the proposed additional facts would not affect the outcome of the case or are immaterial to the court's conclusions." <u>Ollier v. Sweetwater Union High Sch. Dist.</u>, 858 F. Supp. 2d 1093, 1117 (S.D. Cal. 2012) (citing <u>Weyerhaeuser Co. v. Atropos Island</u>, 777 F.2d 1344, 1352 (9th Cir. 1985)).

Rule 59(e) provides that a court may alter or amend a judgment.  The rule "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 59.30[4] (3d ed. 2000)).  Reconsideration under Rule 59(e) is appropriate only where the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>Smith v. Clark Cnty. Sch. Dist.</u>, 727 F.3d 950, 955 (9th Cir. 2013) (quoting <u>Sch. Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993)).  To be successful, a Rule 59(e) motion "should not merely present arguments previously raised." <u>United States v. Wetlands Water</u>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dist., 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001) (Wanger, J.)
(citing Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.
1985)).

    A.   Amendments to Findings of Fact

       Plaintiffs request several amendments to the findings
of fact that would simply add more background to the court's
memorandum of decision without being central to the decision or
affecting the judgment.  These proposed amendments include: (1)
providing greater context to the finding that the Sedgwick firm
withdrew because Mendoza accused the firm of engaging in
unethical conduct; (2) clarifying the court's finding regarding
the purpose of a payment plaintiffs received in the 2009
settlement; and (3) adding more detail to the finding regarding
the jury verdict in the underlying matter.  (Pls.' Mem. at 11:25-
12:27; 13:1-4; 13:15-14:1 (Docket No. 271-1).)  The addition of
these proposed amendments would not change the court's opinion,
and the court declines to amend its decision simply to articulate
the facts in a way that would be pleasing to plaintiffs.[1]  See
Ollier, 858 F. Supp. 2d at 1117 ("A motion to amend a court's
factual and legal findings is properly denied where the proposed
additional facts would not affect the outcome of the case or are
immaterial to the court's conclusions.").  Accordingly, the court

---

     [1]   Counsel for plaintiffs repeatedly assert in their
briefs that "it is presumed that each of the factual findings
form the basis of the Court's conclusions of law and the judgment
entered on November 12, 2013, and, therefore, hold equal
importance in the Court's analysis." (See, e.g., Pls.' Mem. at
1:17-19.)  This assertion is not true and has no basis in law.
Otherwise, the myriad cases rejecting amendments to immaterial
factual findings would not exist. See, e.g., Crane-McNab, 773 F.
Supp. 2d at 872-77.

will deny plaintiffs' motion to amend these findings.

The court also sees no purpose to plaintiffs' proposed amended finding that the Mennemeier, Glassman & Stroud firm withdrew only as a result of a breakdown in its relationship with plaintiffs. (Pls.' Mem. at 15:13-16:12.) This amendment would not alter the court's conclusion that plaintiffs failed to prove their claim that defendants interfered with the ability of counsel to litigate the case. If anything, it would amount to an affirmation that plaintiffs' own actions rather than any interference by defendants caused the deterioration in their relationship with Andy Stroud's firm. In addition, plaintiffs seek an amended finding regarding Stroud's testimony to clarify that Stroud admitted that plaintiffs had raised concerns regarding his representation. (Id. at 16:13-18:20.) This, too, would not alter the court's conclusion that the reduced payments from defendants did not impact Stroud's defense of the case. Both Stroud and Wilcox testified to this effect, and the record evinces that many of plaintiffs' concerns related to differences over strategy, rather than limitations caused by defendants. Accordingly, the court will deny these proposed amendments.

Plaintiffs also seek to amend the court's finding that "Mendoza did not seek payment directly from plaintiffs," (Nov. 12, 2013 Order at 6:18-19 (Docket No. 268)), as well as the court's later conclusion that plaintiffs failed to show "by a preponderance of the evidence that they ever had, or will have, to make up the shortfall between the fees Mendoza billed and the amount defendants paid," (id. at 16:23-25). Plaintiffs contend

5

that the evidence presented at trial, including Mendoza's fee
agreements and invoices as well as correspondence with
defendants, demonstrates that Mendoza sought payment directly
from plaintiffs and that plaintiffs are legally obligated to pay
the fees. (Pls.' Mem. at 2:1-8:11.)  The court considered this
evidence at trial and found it unpersuasive.  Dr. Wallis
testified that she did not recall paying fees to Mendoza, and the
court need not infer that Mendoza sought payment simply because
Mendoza had discussions with plaintiffs regarding their finances.
Further, plaintiffs contend the documents make it "clear" that
"Mendoza was going to make the demand of the plaintiffs to pay
the fees required by the fee agreements . . . if defendants
failed to pay them." (Id. at 7:26-28.)  Yet plaintiffs' entire
argument at trial was that defendants failed to pay the fees, and
plaintiffs did not present any persuasive evidence of such a
demand from Mendoza.

     Moreover, this amendment would still not change the
court's conclusion that plaintiffs failed to prove any damages
caused by defendants.  Even if plaintiffs intended ultimately to
pay the difference between what Mendoza charged and what the
defendants paid, it does not mean plaintiffs suffered damages as
a result of defendants' bad faith or breach of the duty to
defend.  Plaintiffs failed to prove that they have suffered any
damages in the form of the shortfall between what Mendoza billed
and what was reasonable and necessary.  Any amendment to the
court's findings regarding plaintiffs' intent to eventually pay
these fees and costs would not affect this conclusion.

6

1

2

Accordingly, the court will deny the proposed amendment.

3           Defendants were required only to pay what was

4 reasonable and necessary to the defense.  To that end, plaintiffs

5 seek an amended finding that the unpaid fees and costs were

6 reasonable and necessary to the defense.  (Pls.' Mem. at 8:12-

7 11:24.)  Plaintiffs contend that the evidence presented at trial,

8 including the fee agreements, invoices, and status reports,

9 establish the value of these services.  But plaintiffs failed to

10 prove that those services were reasonable and necessary to the

11 defense.  Simply because plaintiffs agreed to pay for these fees

12 and costs does not mean they were reasonable and necessary and

13 therefore that the insurer is obligated to cover them.[2]  Further,

14 the court already considered the evidence plaintiffs discuss in

15 their motion and found it insufficient to prove their claim by a

16 preponderance of the evidence.  Plaintiffs offer no new evidence

17 or changes in law that would otherwise disturb this conclusion,

18 much less the court's holding that the question of reasonableness

19 must be determined in arbitration.[3]  Absent a determination from

20 an arbitrator regarding the reasonableness of the fees and costs,

21 _____

22           [2]    Plaintiffs assert that their agreement to pay for the fees and costs "was evidence of the value of those services." (Pls.' Mem. at 9:14.)  Plaintiffs cite <u>Caulfield v. Market St. Ry. Co.</u>, 20 Cal. App. 2d 220 (1st Dist. 1937), for this proposition, but omit the remainder of the sentence in <u>Caulfield</u> noting that amounts agreed to be paid for services "is not conclusive" as evidence of their reasonable value, <u>id.</u> at 221.

23

24

25           [3]    Plaintiffs' assertion that the court could simply apply the reasonableness factors enunciated in <u>Stokus v. Marsh</u>, 217 Cal. App. 3d 647, 647 (1st Dist. 1990), is also misplaced, as the court is not aware of any published authority applying that case in the <u>Cumis</u> fees context, where arbitration is the method suggested by statute to resolve fee disputes.

26

27

28

there are no grounds for the court to revisit this conclusion.[4]

Accordingly, the court will deny plaintiffs' proposed amendment

regarding the reasonableness of fees and costs.

Finally, plaintiffs seek an amended finding that Mr.

Wallis paid Joel Baiocchi for work related to the cross-

complaint. (Pls. Mem. at 14:2-15:12.) As evidence, plaintiffs

point to invoices in Exhibit 503, but there is nothing in that

exhibit purporting to show a payment by Mr. Wallis. In any

event, this amended finding would not change the court's

conclusion that the dispute regarding the fees owed for services

performed by Baiocchi is also subject to the arbitration.

Accordingly, the court will not amend its findings relating to

any payment made by Mr. Wallis to Baiocchi.

In sum, plaintiffs seek a series of amendments that

would simply add more background to the court's decision, or

simply re-hash arguments that the court found unpersuasive at

trial, and perhaps posture plaintiffs better for their appeal,

but would not affect the court's conclusions,. Because Rule

52(b) "is not intended to serve as a vehicle for a rehearing,"

<u>Crane-McNab</u>, 773 F. Supp. 2d at 873, and such motions are

"properly denied where the proposed additional facts would not

---

[4]   Plaintiffs argue for the first time in their Reply
brief that requiring the parties to arbitrate the question of
reasonable fees and costs would subject plaintiffs to "manifest
injustice" because such arbitration cannot occur pursuant to the
Order of Liquidation for Atlantic Mutual Insurance Company and
Centennial Insurance Company, issued by the New York Supreme
Court on April 27, 2011. Plaintiffs do not elaborate further,
and it is not clear why the Order of Liquidation, which enjoined
and stayed all matters against defendants, would apply only to an
arbitration award and not to a judgment from this court.

8

affect the outcome of the case or are immaterial to the court's conclusions," Ollier, 858 F. Supp. 2d at 1117, the court will not amend its Order on these grounds.

B.   Reduction of Judgment

In addition to their above proposed amendments, plaintiffs ask the court to reduce the judgment in favor of defendants on their counterclaim for indemnity from $115,995.90 to $28,998.98.  (Pls. Mem. at 18:21-19:14.)  Plaintiffs contend that Andrew Stroud testified that his firm only spent twenty to twenty-five percent of its time defending the sanctions appeal as it related to plaintiffs, and thus plaintiffs should only be required to compensate defendants for this amount.  Although plaintiffs are incorrect as to the substance of Stroud's testimony--he testified that twenty to twenty five percent of the time was spent on Mendoza, with the remainder ostensibly relating to plaintiffs--plaintiffs are correct in principle.  The court will not require plaintiffs to indemnify legal fees incurred to defend Mendoza.  Therefore, plaintiffs shall only compensate defendants for seventy-five percent of the $115,995.90 in fees incurred during the defense and appeal of the sanctions, the amount of time Stroud testified was attributable to plaintiffs. Accordingly, the court shall amend the judgment to award defendants $86,996.93 on the counterclaim for indemnity.

III. Costs

Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 292(f) govern the taxation of costs to losing parties, subject to limits set under 28 U.S.C. § 1920.  See 28 U.S.C. §

1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1)

("Unless a federal statute, these rules, or a court order

provides otherwise, costs--other than attorney's fees--should be

allowed to the prevailing party."); E.D. Cal. L.R. 292(f);

Crawford Fitting Co. v. J.T. Gibbons, 482 U.S. 437,441 (1987)

(limiting taxable costs to those enumerated in § 1920).  The

district court has discretion to determine what constitutes a

taxable cost within the meaning of § 1920.  Amarel v. Connell,

102 F.3d 1494, 1523 (9th Cir. 1997); Alflex Corp. v.

Underwriters' Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990).  The

losing party has the burden of overcoming the presumption in

favor of awarding costs to the prevailing party.  See Russian

River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d

1136, 1144 (9th Cir. 1998); Amarel, 102 F.3d at 152.

Defendants have submitted a cost bill totaling

$4,607.65.  (Docket No. 270.)  Plaintiffs do not object, and the

court finds all costs to be reasonable.  Accordingly, the cost of

$4,607.65 will be allowed.

IT IS THEREFORE ORDERED that:

(1) plaintiffs' motion that the court amend its

findings or make additional findings, or to alter or amend the

judgment, be, and the same hereby is, GRANTED as to the amount of

damages awarded on defendants' counterclaim for indemnity, and

DENIED in all other respects;

(2) JUDGMENT SHALL BE AMENDED to award defendants

$86,996.93 against Dr. Wallis, Mr. Wallis, and Hygieia, jointly

and severally;

10

(3) Costs of $4,607.65 will be taxed to plaintiffs.

The Clerk of the Court is instructed to amend the judgment accordingly.

Dated:   February 20, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE