UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC., a California Corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CENTENNIAL INSURANCE COMPANY, INC., a New York corporation, ATLANTIC MUTUAL INSURANCE, CO., INC., a New York corporation,<br><br>　　　　　Defendants. | CIV. NO. 2:08-2558 WBS AC<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION FOR EQUITABLE OFFSET AND STAY OF ENFORCEMENT OF JUDGMENT |

----oo0oo----

I.　Factual and Procedural Background

　　　Plaintiffs Dale M. Wallis, D.V.M. ("Dr. Wallis"), James L. Wallis ("Mr. Wallis"), and Hygieia Biological Laboratories, Inc. ("Hygieia") filed a lawsuit against defendants Centennial Insurance Company, Inc. ("Centennial") and Atlantic Mutual

1

Insurance Company ("Atlantic Mutual") arising out of defendants' alleged wrongdoing in defending Dr. Wallis under a professional liability insurance policy. Defendants subsequently filed a counterclaim against plaintiffs and a third party complaint ("TPC") against plaintiffs' Cumis counsel, Joanna Mendoza, seeking, inter alia, a declaration that they had no duty to indemnify plaintiffs or Mendoza in connection with a breach of a protective order and subsequent sanctions. (See November 12, 2013 Judgment (Docket No. 269).)

After conducting a nine-day bench trial, the court found in favor of defendants on both of plaintiffs' claims and ordered reimbursement for $115,995.90 in fees paid out to Mendoza. (See November 12, 2013 Judgment.) The court subsequently amended the judgment to $86,996.93 and $4,607.65 in costs against plaintiffs. (See February 20, 2014 Amended Judgment (Docket No. 277).) Plaintiffs appealed, (Docket No. 288), and the appeal is still pending. Plaintiffs now move to stay the enforcement of the judgment pursuant to Federal Rule of Civil Procedure 62. They state that, should they prevail in a pending arbitration regarding the reasonableness of Mendoza's fees, and on their claim for $5.6 million in defendants' liquidation proceedings in New York court, they will be entitled to an offset of the judgment entered by this court. (Pls.' Mem. at 4-7.)

II. Discussion

Federal Rule of Civil Procedure 62 permits a court to stay the execution of a judgment or proceedings to enforce that judgment pending disposition of a Rule 60 motion. Fed. R. Civ.

1 P. 62(b); see Gibbs v. Okla. Dep't of Transp., 999 F.2d 547, 547
2 (10th Cir. 1993) ("The decision to stay proceedings to enforce a
3 judgment pending disposition of a motion for new trial or to
4 alter or amend judgment or for relief from judgment is left to
5 the discretion of the district court.").  Plaintiffs premise
6 their motion to stay execution of the judgment on their
7 simultaneous motion for relief from a judgment pursuant to Rule
8 60(b)(6) ("any other reason that justifies relief").[1]  The reason
9 that plaintiffs provide is that under California law, enforcement
10 on a money judgment should be stayed under the principle of
11 equitable offset.  (Pls.' Mem. at 3.)  Because plaintiffs, the
12 judgment debtors, have unresolved claims against defendants, they
13 contend, "a stay is appropriate and necessary so that all the
14 claims can be offset against one another when both are final."
15 (Id.)

16          "Once an appeal is filed, the district court no longer
17 has jurisdiction to consider motions to vacate judgment."  Davis
18 v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007) (citing Gould
19 v. Mutual Life Ins. Co. of N.Y. ("The filing of a notice of
20 appeal divests the district court of jurisdiction.")).  However,
21 after an appeal is filed, "a district court may entertain and
22 decide a Rule 60(b) motion . . . if the movant follows a certain
23 procedure, which is to 'ask the district court whether it wishes
24 to entertain the motion, or to grant it, and then move [the court
25 of appeals], if appropriate, for remand of the case.'"  Id.

26 _____

27  [1]  Plaintiffs do not pursue a stay under 60(d), Stay with
   Bond on Appeal, nor could they, because they have not posted a
28 supersedeas bond.  See Fed. R. Civ. P. 60(d).

3

1  (quoting Gould, 790 F.2d at 772).  Plaintiffs appealed the
2  judgment entered against them, (see March 21, 2014 Notice of
3  Appeal (Docket No. 288)), and the appeal is still pending, (see
4  Pl.'s Mem. at 3).  This court thus no longer has jurisdiction to
5  consider plaintiffs' Rule 60 motion, or its Rule 62 motion for
6  that matter, which is premised on the pending disposition of the
7  Rule 60 motion.  If plaintiffs want to pursue their Rule 60 post-
8  trial motion, then they must ask this court whether it wishes to
9  entertain their motion, and if the court agrees, they must move
10 in the Ninth Circuit to have the case remanded to this court.

11          Even if the court were to consider the present motion
12 as a request to entertain plaintiffs' Rule 60 motion, the court
13 would not be inclined to hear the motion.  "Rule 60(b)(6) should
14 be 'used sparingly as an equitable remedy to prevent manifest
15 injustice' and 'is to be utilized only where extraordinary
16 circumstances to prevent or correct an erroneous judgment.'"  In
17 re Int'l Fibercom, Inc., 503 F.3d 933, 941 (9th Cir. 2007)
18 (citing United States v. Washington, 394 F.3d 1152, 1157 (9th
19 Cir. 2005)).  Plaintiffs do not contend the judgment against them
20 is erroneous.  Rather, plaintiffs base their Rule 60 motion on
21 what they argue is an equitable right for a stay under California
22 law.  (Pl.'s Mem. at 5.)  Rule 60(b), however, is a vehicle for
23 vacating an erroneous judgment, not for staying a proper one.
24 Plaintiffs are in essence attempting to shoehorn a state-law
25 ground for staying the enforcement of a judgment into Rule 62(b),
26 which is limited in its scope to staying judgment enforcement
27 pending resolution of certain post-trial motions.
28 ///

IT IS THEREFORE ORDERED that plaintiffs' Rule 60 and 62 motions be, and the same hereby are, DENIED.

Dated:  December 2, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE