
JOANNA R. MENDOZA, State Bar No. 148320
LAW OFFICES OF JOANNA R. MENDOZA, P.C.
P.O. Box 2593
Granite Bay, CA  95746
(916) 781-7600
(916) 781-7601 FAX
jmendoza@theiplawfirm.com

JOEL C. BAIOCCHI, State Bar No. 107095
LAW OFFICE OF JOEL C. BAIOCCHI
P.O. Box 67
Dutch Flat, CA 95714
(530) 389-9175
(530) 389-9176
jcblaw2@att.net

Attorneys for Plaintiffs and Counterdefendants
Dale M. Wallis, James L. Wallis,
Hygieia Biological Laboratories

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| DALE M. WALLIS, D.V.M., JAMES L. WALLIS, and HYGIEIA BIOLOGICAL LABORATORIES, INC. a California Corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>CENTENNIAL INSURANCE COMPANY, INC., a New York corporation; ATLANTIC MUTUAL INSURANCE CO., INC., a New York corporation,<br><br>          Defendants. | CASE NO.: 2:08-CV-02558-WBS-AC<br><br>*Assigned to: Honorable William B. Shubb, Courtroom 5, 14th Floor*<br><br>*Magistrate Judge Allison Claire, Courtroom 26, 8th Floor*<br><br>**STIPULATION TO WITHDRAW (1) MOTION TO VACATE AND QUASH ORDERS OF EXAMINATION AND (2) EXAMINATION OF JUDGMENT DEBTORS PENDING RULING ON PLAINTIFFS' MOTION TO POST SUPERSEDEAS BOND** |

///

1
**STIPULATION TO WITHDRAW (1) MOTION TO VACATE AND QUASH ORDERS OF EXAMINATION AND (2) EXAMINATION OF JUDGMENT DEBTORS PENDING RULING ON PLAINTIFFS' MOTION TO POST SUPERSEDEAS BOND**
**CASE NO.: 2:08-CV-02558-WBS-AC**

**THE PARTIES HERETO**, by and through their respective counsel, stipulate as follows:

WHEREAS on November 17, 2015, Defendants submitted an Ex Parte Application seeking Amended Order for Examination of Judgment Debtors Dale Wallis, James Wallis and Person Most Knowledgeable of Judgment Debtor Hygieia Biological Laboratories, Inc. (Docket no. 321).

WHEREAS on November 23, 2015, the Court issued Amended Orders for Examination of Judgment Debtors scheduling their appearance for December 9, 2015 (Docket no.s 322 - 324).

WHERAS Pursuant to California Code of Civil Procedure §708.110(d) personal service of the order on the judgment debtor must occur not less than 10 days prior to the date specified for the examination.

WHEREAS Personal service was not able to be made on the judgment debtors 10 days prior to the December 9, 2015 date specified for examination.

WHEREAS the parties agreed to a set the date for examination of the judgment debtors on January 20, 2016, a date agreeable to all parties.

WHEREAS, judgment debtors intended to schedule a motion to vacate the orders of examination and to quash service of the orders of examination for the same hearing date.

WHEREAS, on December 14, 2015, the parties submitted a Stipulation and proposed order agreeing that the examination of judgment debtors would proceed on January 20, 2016, if their motion to vacate and quash was not granted, and therefore requested the Amended Order for Examination of Judgment Debtors be scheduled for January 20, 2016.  The Stipulation further provided the judgment debtors reserved the right to file a motion to post a supersedeas bond so as to preclude any examination and/or other enforcement of the judgment (Docket no. 325).

WHEREAS the judgment debtors filed their motion to vacate and quash the orders of examination on December 14, 2016 (Docket no. 326).

WHEREAS on December 18, 2015, the judgment debtors also filed a motion to post a supersedeas bond and stay enforcement of judgment, set for hearing on January 20, 2016 (Docket no. 327).

WHEREAS the Court, pursuant to the Stipulation of the parties, on December 21, 2015,

issued amended orders of examination of the judgment debtors (Docket no.s 328 – 330, as corrected, Docket no. 331).

WHEREAS, defendants and judgment creditors do not intend to oppose the motion of judgment debtors to post a supersedeas bond and to stay execution of the judgment.

WHEREAS, the parties agree that the motion of the judgment debtors to post a supersedeas bond and to stay enforcement of judgment, if granted, renders the orders of examination, and the judgment debtor's motion to vacate and quash the orders of examination moot.

**THEREFORE, the parties hereby stipulate, by and through their respective counsel, that:**

1. Judgment debtors withdraw their motion to vacate and quash the orders of examination of the judgment debtors.
2. The order of examination of the judgment debtors shall be vacated and any lien created by reason of the order is terminated.
3. Judgment creditors will file a notice of non-opposition to judgment debtors' motion to post a supersedeas bond and stay enforcement of judgment.
4. In the event the Court denies the motion of plaintiffs and judgment debtors to post a supersedeas bond and stay enforcement of judgment, the parties agree to enter into a further stipulation to re-issue and re-schedule the orders of examination, and to set a hearing date on plaintiffs' motion to vacate and quash said orders of examination, consistent with their prior Stipulation.
5. Judgment debtors may not withdraw the supersedeas bond unless the Ninth Circuit reverses the judgment, or unless judgment debtors provide notice to judgment creditors and obtain court approval.

Dated:  December 31, 2015                         Law Office of Joel C. Baiocchi


By: /s/ _____
Attorney for Plaintiff
Dale M. Wallis, D.V.M., James Luard Wallis,
And Hygieia Biological Laboratories, Inc.


Dated:  December 31, 2015                         SELVIN WRAITH HALMAN LLP


By: /s/_____
Gary R. Selvin
Robin D. Korte
Attorneys for Defendants
Centennial Insurance Co. and Atlantic Mutual
Insurance Co. Inc.

4
**STIPULATION TO WITHDRAW (1) MOTION TO VACATE AND QUASH ORDERS OF EXAMINATION AND (2) EXAMINATION OF JUDGMENT DEBTORS PENDING RULING ON PLAINTIFFS' MOTION TO POST SUPERSEDEAS BOND**
**CASE NO.: 2:08-CV-02558-WBS-AC**

**IT IS SO ORDERED:**

1. The request of judgment debtors' to withdraw their motion to vacate and quash the orders of examination of the judgment debtors is granted.

2. The order of examination of the plaintiffs and judgment debtors shall be vacated and any lien created by reason of the order is terminated.

3. This order is made without prejudice, in the event the motion of plaintiffs and judgment debtors to post a supersedeas bond is denied, to new orders of examination, and related motions, consistent with this Stipulation and the parties' prior Stipulation.

Dated: January 15, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE